# CHAPPELL *v.* O'BRIEN.

APPELLATE PRACTICE; APPEALABLE ORDERS.

An order overruling a motion to vacate an order of publication against a nonresident defendant is not appealable, nor is a decree *pro confesso* against such a defendant for failure to answer, as neither is a final decree disposing of the case, nor such an interlocutory order as is appealable to this court under § 226, Code, D. C.

No. 188. Submitted May 7, 1903. Decided June 3, 1903.

HEARING on a motion to dismiss an appeal from an order overruling a motion to vacate an order of publication against a

nonresident defendant, and from a decree *pro confesso* against
such defendant for failure to answer a bill in equity.

*Granted.*

The COURT in the opinion stated the case as follows:

This case has been heard upon the motion of the appellee to
dismiss the appeal because the orders appealed from are inter-
locutory, and no special appeal therefrom has been allowed.

The bill was filed in the supreme court of the District, on
February 20, 1902, by William J. O'Brien, as substituted trus-
tee under the will of Philip S. Chappell, who died in Maryland,
where his will was admitted to probate. The defendants are
Thomas C. Chappell, former trustee under said will; Alcinda
M. Chappell, the Orient Insurance Company, and the Hart-
ford Fire Insurance Company.

It is alleged that on April 11, 1901, said Thomas C. Chappell
was removed as trustee by order of the circuit court of Baltimore
city, in the State of Maryland, and complainant appointed to
administer the trust in his stead; that by further order of said
court, on April 17, said Chappell was ordered to turn over to
complainant all the funds, property, etc., of every description,
in his possession or under his control, belonging to said trust
estate, and that both of said orders were affirmed on appeal to
the court of appeals of Maryland. It is further alleged that
part of said trust estate consisted of an undivided interest in a
dwelling house in said State, the remaining interest belonging to
said Alcinda M. Chappell; that the said Thomas C. and Alcinda
Chappell, on December 28, 1898, had jointly procured two
policies of fire insurance on said property, one for $3,500 in the
Orient Insurance Company, and the other for the same amount
in the Hartford Fire Insurance Company; that on May 7, 1899,
said property was wholly destroyed by fire, whereby rights of
action accrued upon said policies; that the said Chappells insti-
tuted suits upon said policies in the supreme court of the Dis-
trict of Columbia, which are depending; that complainant has
demanded of said Thomas C. Chappell that he transfer and as-

sign all interest as trustee therein to complainant in accordance with the decree heretofore mentioned, which demand has been refused; that said Thomas C. Chappell, formerly residing in Maryland, has abandoned the same and placed himself beyond the jurisdiction of said court having control of said trust; that the facts aforesaid having been reported to said court, it at once directed complainant as trustee, to institute this suit to enjoin Thomas C. Chappell, former trustee, from collecting any of the proceeds of said policies, and to require him to assign his interest in the same to complainant, and to obtain a decree of division of the proceeds of judgments in said suits between complainant and Alcinda M. Chappell according to their respective rights.

The prayers of the bill are that Thomas C. Chappell be restrained, pending this case, from receiving or collecting any of the proceeds of said policies, or judgments that may be rendered on them; that a receiver of the same be appointed; and that the interest of said Alcinda M. Chappell in said policies or proceeds thereof be ascertained and severed from that of the trust estate. Subsequent prayers were filed by amendment asking discovery as to the respective interests of the said Chappells, and for decrees against the respective insurance companies for the interest of said trust estate, etc.

Copies of the will of Philip S. Chappell, and orders admitting same to probate, as well also as the decrees of the Maryland courts, referred to, were filed as exhibits with the bill. Service of the subpœna was had personally upon said Thomas C. Chappell, who filed several motions to quash and vacate the same, alleging that he was not a resident of the District of Columbia, but was therein merely in attendance upon court, etc. These were all overruled, and were followed by various pleas, motions to dissolve the preliminary injunction, and demurrer, that were likewise overruled.

The insurance companies were served with process, filed formal answers, and subsequently paid into the registry of the court the proportions of the policies due said trust estate.

Order of publication was obtained against Alcinda M. Chappell in due form under the rules, a copy of which was mailed to

her address in Baltimore, and another served upon the attorney in the District of Columbia who represented her interests in the pending actions against the insurance companies.    She appeared specially on June 11, 1902, objecting to the jurisdiction of the court, and asking that the order for her appearance be vacated.    This motion was overruled January 8, 1903, with leave to answer within twenty days.

Thomas C. Chappell, on January 15, 1903, came in with a motion in his own name to vacate the said order of January 8, raising again the question of jurisdiction as to his codefendant and himself, as well as the general jurisdiction of the court in the premises.    This motion was overruled January 22, 1903. Appeal from the order of January 8, 1903, was taken to this court by notice entered January 26.    On January 29, Alcinda M. Chappell, by Thomas C. Chappell as her attorney, filed what is entitled a special plea to the jurisdiction, alleging formal defects in the bill of complaint.    On February 16, 1903, another order was entered, reciting the service by publication upon Alcinda M. Chappell, her failure to answer, and declaring that the bill be taken as confessed against her.

From this order, both she and Thomas C. Chappell entered an appeal on March 2, 1903.    It is these appeals, joined together in one transcript of the record, that the appellee has moved to dismiss.

*Mr. T. Percy Myers* for the motion.

*Mr. Thomas C. Chappell* and *Mr. George Kearney* opposed.

Mr. Justice SHEPARD delivered the opinion of the court:

The motion to dismiss must be sustained.    The orders entered are not final decrees disposing of the case.    *National Bank* v. *Smith,* 156 U. S. 330, 333, 39 L. ed. 441, 442, 15 Sup. Ct. Rep. 358, and cases cited.    Nor are they such interlocutory orders as are appealable under the act conferring jurisdiction upon this court.    D. C. Code, § 226.    It follows that both appeals must be dismissed, with costs; and it is so ordered.

*Appeal dismissed.*

A motion for a reargument was denied.