## HAYES v. CONGER.

APPEAL AND ERROR; INTERLOCUTORY ORDERS; ATTACHMENT.

1. An order overruling a motion to quash a writ of attachment is interlocutory, and not appealable, unless a special appeal is allowed by this court. (Construing sec. 226, D. C. Code, 31 Stat. at L. 1225, chap. 854.)
2. Jurisdiction over property seized under a writ of attachment is acquired by the court, although the affidavits in support of the writ are defective.

No. 2217.    Submitted December 5, 1910.    Decided January 3, 1911.

HEARING on an appeal by the defendant from an order of the Supreme Court of the District of Columbia overruling a motion to quash a writ of attachment.          *Appeal dismissed.*

The facts are stated in the opinion.

*Mr. Levi H. David* and *Mr. R. B. Behrend* for the appellant.

*Mr. Webster Ballinger* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal [by Narcissa Hayes] from an order of the supreme court of the District of Columbia overruling appellant's motion to quash a writ of attachment, an application for special appeal having been denied by this court.

The motion to dismiss the appeal must be granted, since the order from which the appeal is prosecuted is interlocutory, and does not change or affect the possession of property, within the meaning of sec. 226 of the Code [31 Stat. at L. 1225, chap. 854], providing for appeals to this court. Appellant contends that the affidavits accompanying the application for the writ are defective, and hence that the municipal court was without jurisdiction to issue the writ. Upon that premise he insists that the action of the court below in refusing to quash the attachment is open to review upon general appeal. This position is not tenable, for "if the writ of attachment is the lawful writ of the court, issued in proper form under the seal of the court, and if it is by the proper officer levied upon property liable to the attachment, when such writ is returned into court, the power of the court over the *res* is established." The affidavit may be so defective as to demand a reversal of the judgment, but this does not "deprive the court of the jurisdiction acquired by the writ levied upon defendant's property." *Cooper* v. *Reynolds*, 10 Wall. 308, 19 L. ed. 931.

The appeal must be dismissed, with costs, and it is so ordered.

*Appeal dismissed.*