### CHAS. McCAUL CO. et al. v. HARR et al.

(Court of Appeals of District of Columbia. Submitted October 5, 1921. Decided November 7, 1921.)

No. 3633.

1. **Appeal and error** ⟳71(3)—**Interlocutory injunction not appealable, unless it affects possession of property.**

Under Code of Law 1901, § 226, allowing appeals from interlocutory orders whereby the possession of property is changed or affected, such as orders granting injunctions, etc., an appeal does not lie as a matter of right from all interlocutory orders granting injunctions, but only from such orders as affirmatively change or affect possession of property.

⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Appeal and error ⬅⬡71(3)—Order restraining payment by third person until rights are established is not appealable.**

An order granting an interlocutory injunction to restrain the Treasury Department from paying a sum of money to the principal defendant pending the determination of plaintiffs' claim of lien thereon for attorney's fees merely preserves the status quo, and does not change or affect possession of the fund, within the meaning of Code of Law 1901, § 226, so that it is not appealable as a matter of right.

**3. Appeal and error ⬅⬡359—Discretionary appeal not permitted to review interlocutory order preventing payment pending determination of right to fund.**

The Court of Appeals will not exercise the discretion granted to it to allow an appeal, when it appears that it will be in the interest of justice to do so, where the order involved merely restrained payment by the Treasury Department of a fund to the principal defendant pending determination of plaintiffs' claim of lien thereon.

Appeal from the Supreme Court of the District of Columbia.

Suit by William R. Harr and another against the Chas. McCaul Company, a corporation, and others. From an order granting an injunction pendente lite to restrain the payment by the Treasury Department of a sum of money to the named defendant, the defendants appeal. Appeal dismissed.

B. E. Hinton, J. H. Bilbrey, and J. E. Laskey, all of Washington, D. C., for appellants.

Charles H. Bates and William C. Prentiss, both of Washington, D. C., for appellees.

ROBB, Associate Justice. This is an appeal from a preliminary injunction in the Supreme Court of the District, preventing pendente lite the payment of about $40,000 by the Treasury Department to the McCaul Company, the principal defendant in the case; the object of the bill filed by the appellees being to enforce as against the fund an equitable lien because of their alleged services as attorneys, rendered under a contract with the McCaul Company.

[1] At the outset the question arises whether appellants were entitled, as matter of right, to prosecute this appeal. Under section 226 of the Code, appeals are allowable to this court—

"from all interlocutory orders of the Supreme Court of the District of Columbia, or by any Justice thereof, whereby the possession of property is changed or affected, such as orders for the appointment of receivers, granting injunctions, dissolving writs of attachment, and the like."

In Electric Lighting Co. v. Metropolitan Club, 6 App. D. C. 536, an interlocutory order had issued in the court below restraining the lighting company from putting into effect an expressed intent to cut off electric current it had been supplying to the Club in pursuance of a contract. The club moved the dismissal of the appeal, and urged that the case was not within the above provisions of the Code, unless the court was prepared to hold "that appeals may be taken in all cases where injunctions are allowed." The court did not so rule, but was "of opinion that the order in the present case" changed or affected the title to property within the meaning of the law.

In Macfarland v. Railroad Co., 18 App., D. C. 456, an appeal was sustained from an interlocutory order enjoining the execution of an official order by the Commissioners of the District requiring the railroad company to remove an electrical switch and appliances erected by the company in one of the streets of the city. Inasmuch as the question of the right to an appeal was not re-examined, the court merely referring to its previous decision in the Metropolitan Club Case, 6 App. D. C. 536, the ruling in the Macfarland Case should not be given a broader scope than the ruling in the former case.

Turning, now, to the language of the Code, we are enabled therefrom to determine the real intent of Congress in providing for appeals from interlocutory orders, for Congress clearly indicated the character of orders intended when it said:

"Such as orders for the appointment of receivers, granting injunctions, dissolving writs of attachment, and the like."

The appointment of a receiver is for the express purpose of changing or affecting the possession of property, and hence an order of appointment is made appealable. A writ of attachment changes and affects the possession of property, and yet an interlocutory order refusing to dissolve such a writ is not appealable, because such an order merely preserves the status quo. Hayes v. Conger, 36 App. D. C. 202. It is of a negative and passive character only. This is significant, and goes far toward demonstrating that Congress did not intend that all interlocutory orders granting injunctions should be appealable as matter of right, but only such injunctions as affirmatively changed or affected possession of property.

[2] The order in the present case is purely negative and passive in character, and does no more than preserve the status quo. It is true that the question at issue is the right to possession, but it is equally true that the possession is merely continued in a third party, who is directed to retain it until the rights of the parties may be determined. We do not think that this order either changes or affects the possession of this fund, within the meaning of the statute, and hence that the appeal was improvidently prosecuted.

The situation in the Metropolitan Club Case, 6 App. D. C. 536, was unusual, and, although the injunction in that case was negative in terms, it was affirmative in effect, since it required the lighting company to continue to furnish electric current to the club. This current, which was property, would have passed to and been consumed by one of the parties to the suit, under the court's order. However, in so far as the decision in that case may be in conflict with the views expressed in this, it is overruled, since a mere question of practice is involved.

[3] Congress, after carefully limiting the classes of cases in which appeals are allowable as matter of right, has guarded against the possibility of irreparable injury through an interlocutory order by clothing this court with discretion to grant an appeal whenever, it is made to appear "that it will be in the interest of justice to allow such appeal." Our discretion was not invoked in the present case by an application for a special appeal; but, even had it been, there would have been no occasion for its exercise, for the reason that we think

the interest of justice will be better served by deferring the determination of the rights of the parties until the facts are fully developed.

It follows that the appeal must be dismissed, with costs.

Dismissed.