MELLON, Secretary of the Treasury, et al. v. MERTZ.

Court of Appeals of District of Columbia.

Submitted December 4, 1928. Decided January 7, 1929.

No. 4737.

Peyton Gordon, Leo A. Rover, and Chas. T. Hendler, all of Washington, D. C., for appellants.

Josephus C. Trimble, George E. H. Goodner, and Jerry A. Mathews, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. In the court below the appellee, as plaintiff, filed a bill of complaint against the Secretary of the Treasury, the Commissioner of Internal Revenue, and a certain collector of internal revenue, as defendants, complaining that an alleged illegal assessment of income taxes for the year 1920 had been made against him, and that the defendants were about to enforce its collection by distraint or other unwarranted process, unless restrained by order of the court. He prayed that a temporary restraining order should issue

against the defendants to restrain them pendente lite from enforcing such collection, and that upon final hearing a perpetual injunction should be entered against them, finally enjoining them from collecting the assessment or any part thereof. The plaintiff also prayed for other pertinent relief.

The defendants filed a motion to dismiss the bill upon grounds equal to a general demurrer, and also a motion to quash the service upon the collector of internal revenue as made in the case. The court heard and overruled both of these motions, and also entered an interlocutory order enjoining the defendants pendente lite from attempting in any way to collect the assessment in question. The following notation was made by the lower court in respect to a notice of appeal, to wit: ''From so much of the foregoing decree as grants a temporary injunction the defendants note an appeal in open court.'' The defendants, as appellants, then filed the present appeal in this court.

█ The appeal is premature. It is provided by law that any party aggrieved by any final order, judgment, or decree of the Supreme Court of the District of Columbia, or of any justice thereof, may appeal therefrom to this court, and that appeals shall also be allowed to this court from all interlocutory orders of the Supreme Court of the District, or by any justice thereof, whereby the possession of property is changed or affected, such as orders for the appointment of receivers, granting injunctions, dissolving writs of attachment, and the like, and also from any other interlocutory order, in the discretion of this court, wherever it is made to appear to the court upon petition

that it will be in the interest of justice to allow such appeal. 27 Stat. 434; Code D. C. § 226.

In the instant case there was no final order, judgment, or decree entered by the lower court, or by any justice thereof, nor any interlocutory order whereby the possession of property was changed or affected, nor was a special appeal allowed by this court ''in the interest of justice.''

█ It is stated by appellants that the present appeal is taken from the orders of the lower court overruling the motion to dismiss the bill of complaint, and the motion to quash the service upon one of the defendants, and also from the order granting a temporary restraining order as aforesaid. The record, however, discloses that the appeal was taken only from the order granting the temporary restraining order. But this is immaterial, for the order overruling the motion to dismiss the bill of complaint was interlocutory only, and was not appealable. Metzer v. Kelly, 34 App. D. C. 548. Nor was the order overruling the motion to quash appealable. Church v. Church, 50 App. D. C. 239, 270 F. 359. And in McCaul Co. v. Harr, 51 App. D. C. 111, 276 F. 633, it was held by this court that an appeal does not lie as a matter of right from all interlocutory injunctions, but only from such orders as affirmatively change or affect the possession of property. It is plain that the temporary restraining order entered below had no such effect, and consequently was not appealable.

We therefore dismiss the appeal, without passing in any way upon the merits of the case.

Appeal dismissed at costs of appellants.