## COMMUNITY NATURAL GAS CO. v. CITY OF CISCO et al. *

No. 6842.

Circuit Court of Appeals, Fifth Circuit.

June 7, 1933.

*Rehearing denied July 12, 1933.

Karl F. Griffith, Marshall Newcomb, and Roy C. Coffee, all of Dallas, Tex., for appellant.

F. D. Wright and Robert E. Grantham, both of Cisco, Tex., for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Appellant, a public service corporation, filed a bill against the city of Cisco, Tex., and the municipal officers to enjoin interference with a proposed increased of rates for natural gas furnished to the inhabitants of Cisco. In substance, the bill alleged that the present rates, base rate 75 cents per 1,000 cubic feet, were fixed by ordinance, adopted by the city November 5, 1913, with subsequent amendments; that its property used in the business is valued, in round figures, at $144,000; that its business is well and economically managed but for the twelve months' period ending August 31, 1932, its operating expenses exceeded its revenues by some $7,000; that the city of Cisco has authority to fix reasonable rates for gas furnished its inhabitants; that appellant applied to the city for permission to increase its rates and this was denied; that appellant appealed to the railroad commission of Texas from the action of the city council of Cisco and the commission wholly failed and refused to suspend or set aside the existing rates or to grant appellant any relief. The bill further alleges as a conclusion that the existing rates are confiscatory and deprive appellant of its property without due process at law.

The city answered and moved to dismiss the bill as being premature. The answer, in substance, alleged that appellant is dominated and controlled by the Lone Star Gas Company and obtains its gas from that company under a contract which makes the price at the city gates approximately 35 cents per 1,000 cubic feet; that appellant also owns a plant at Brownswood and under practically the same conditions furnishes gas to the inhabitants of that city at 35 cents per 1,000 cubic feet, which price was fixed voluntarily by appellant; that but for the domination and control of appellant by the Lone Star Gas Company it could obtain an adequate supply of gas for the city of Cisco delivered at the city gates at not over 6 cents per 1,000 cubic feet and appellant could furnish gas to the people of Cisco at a profit, charging a base rate of not more than 50 cents per 1,000 cubic feet.

The allegations of the bill were supported by ex parte affidavits. It was further shown that on October 10th, the city adopted an ordinance prescribing the basic rate of 50 cents per 1,000 cubic feet of gas and on appeal to the commission these rates were suspended; that the contract by which appellant obtains its gas was entered into with the Pioneer Natural Gas Company on April 29, 1914, and the Lone Star Gas Company succeeded to that contract. The application to the city for permission to increase rates was made on May 1, 1932. The appeal was taken to the railroad commission on August 8, 1932. Under the law of Texas the commission is required to determine appeals within sixty days after filing or in such further time as the utility appealing shall in writing agree to. It was shown by a letter from the commission addressed to counsel for appellant that the usual course with the commission is to delay fixing the hearing on appeals until the parties in interest agree to a day certain; that the commission has not finally passed upon the appeal involved in this case, has not denied the relief asked for, and is ready and willing to take up the case at any time at the request of either party. A hearing was had, after answer filed, and the application for an interlocutory injunction was denied. This appeal is from that ruling.

The granting of a temporary injunction pendente lite is largely within the sound discretion of the trial court. The writ should not issue except to maintain the status quo or it is clearly shown that irreparable injury is imminent. Lawrence v. St. L.-S. F. R. Co., 274 U. S. 588, 47 S. Ct. 720, 71 L. Ed. 1219. In this case appellant is not seeking to maintain the status quo. On the contrary it is seeking to change it. It is evident that the issues presented to the trial court are highly controversial and could not be satisfactorily decided on ex parte affidavits. We express no opinion as to whether the contract appellant has with the Lone Star Gas Company is fair or should be disregarded because of the alleged domination and control by the Lone Star Gas Company but the trial court was bound to consider the allegations of the answer in exercising his discretion to issue the writ. High on Injunctions, §§ 1467, 1574.

The city of Cisco has authority under its charter and the laws of Texas to fix reasonable rates for gas furnished to its inhab-

itants, subject to an appeal to the railroad commission of Texas, which is the ultimate authoritative rate making body. The railroad commission is not made a party to the suit. Its action could not be controlled by an interlocutory injunction issued only against the city. It would be useless and cause confusion to permit appellant to temporarily raise its rates before the railroad commission had the opportunity to pass upon the question now pending before it in an orderly way. It does not appear that the commission has refused to give relief or has unduly delayed the hearing. It does not appear that appellant took any steps to expedite the hearing before the commission and it would seem that it was rather precipitate in filing the bill. There was no abuse of discretion in refusing an interlocutory injunction in this case. The judgment appealed from is affirmed.