**NEW NEGRO ALLIANCE et al. v. HARRY KAUFMAN, Inc.**

**No. 6187.**

United States Court of Appeals for the District of Columbia.

Argued Dec. 3, 1934.

Decided May 13, 1935.

Rehearing Denied May 29, 1935.

B. V. Lawson, Jr., of Washington, D. C., for appellants.

George E. Edelin and Theodore D. Peyser, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An order dismissing an appeal from a preliminary injunction granted by the lower court.

This case was begun by a bill of complaint filed by Harry Kaufman, Inc., as plaintiff, against the New Negro Alliance, a corporation, and others, as defendants, alleging that plaintiff was the owner and operator of a department store located in Washington, D. C., and that the defendants were guilty of unlawfully picketing and boycotting the store, thereby inflicting irreparable injury upon plaintiff, and praying for a preliminary injunction restraining the defendants from boycotting and picketing plaintiff's place of business until a final hearing of the case, and that a permanent injunction should then issue restraining defendants from such proceedings.

A temporary restraining order was issued upon the filing of the bill, and afterwards a preliminary injunction was entered by the lower court, as prayed in the bill.

The defendants filed exceptions to these orders, claiming that the issue raised by the bill was a "labor dispute," and that

under the inhibitions of the act known as the "Norris-LaGuardia Act," approved March 23, 1932 (47 Stat. 70; 29 USCA §§ 101–115), the restraining order and preliminary injunction had been improperly and irregularly granted. The defendants accordingly, without filing either motion or answer in the case, noted an appeal to this court from the preliminary injunction, and the record of these proceedings is before us. The appellee filed a motion in this court to dismiss the appeal upon the ground that the orders appealed from were interlocutory and were not appealable under the statute.

It is provided by D. C. Code (1929), Tit. 18, § 26, that: "Any party aggrieved by any final order, judgment, or decree of the supreme court of the District of Columbia, or of any justice thereof, may appeal therefrom to the said court of appeals; and upon such appeal the court of appeals shall review such order, judgment, or decree, and affirm, reverse, or modify the same as shall be just, except as provided in the following sections. Appeals shall also be allowed to said court of appeals from all interlocutory orders of the supreme court of the District of Columbia, or by any justice thereof, whereby the possession of property is changed or affected, such as orders for the appointment of receivers, granting injunctions, dissolving writs of attachment, and the like; and also from any other inter-locutory order, in the discretion of the said court of appeals, whenever it is made to appear to said court upon petition that it will be in the interest of justice to allow such appeal."

It is plain that the preliminary injunction which by its terms was to continue only until the final hearing and decree of the court in the case is not a "final order, judgment, or decree," nor is it an interlocutory order "whereby the possession of property is changed or affected, such as orders for the appointment of receivers, granting injunctions, dissolving writs of attachment, and the like," Chas. McCaul Co. v. Harr, 51 App. D. C. 111, 276 F. 633, 634, nor was any petition filed by the defendants for a special appeal directed to the discretion of this court. The appeal accordingly was prematurely brought.

We therefore deem it to be our duty under the statute to dismiss the present appeal without prejudice to any of the rights of defendants to proceed further in the case in the lower court, and the case is remanded to that court for further proceedings.

GRONER, Associate Justice.

I am in agreement with the conclusion that the appeal should be dismissed, but in my view it should be dismissed on the merits. See King et al. v. Weiss Co. (C. C. A.) 266 F. 257, at page 260.