## DUNNING v. HARRAH.
### No. 6393.

United States Court of Appeals for the District of Columbia.

Submitted Oct. 14, 1935.

Decided Nov. 11, 1935.

Harry J. Daly, Josephus C. Trimble, and William E. Leahy, all of Washington, D. C., for appellant.

Frederick Stohlman and George A. Cassidy, Jr., both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

PER CURIAM.

Daniel Dunning is an attorney in the city of Washington. In July, 1934, he began an equity suit in the Supreme Court of the District against Charles J. Harrah in which he named the Secretary of the Treasury and the Treasurer of the United States as additional parties defendant. The purpose of the suit was to recover from Harrah fees which Dunning claimed due him under a contract for services as attorney. That relationship had then terminated. The Secretary of the Treasury and the Treasurer of the United States were added to obtain an order restraining them from the payment of money held in the treasury and claimed to belong to Harrah. Harrah filed a petition in the cause, the purpose of which was to obtain an order requiring Dunning to turn over to him (Harrah) certain papers belonging to Harrah and necessary in the defense of certain other pending suits against him. The court below found that the papers were necessary for that purpose. Dunning answered, claiming an attorney's possessory lien.

In October, 1934, the trial court entered a decree directing the delivery to Harrah of the papers and documents sought in Dunning's possession—"said papers * * * to be delivered without prejudice to either the said Harrah or the said Dunning, and subject to any lien that the said Dunning may have for legal services rendered by the said Dunning to the said Harrah and subject to all rights which the said Dunning may have acquired against the said Harrah by the filing of the above-entitled cause." From this decree an appeal was taken to this court, and later a motion was filed by Harrah to dismiss the appeal on the ground that the decree entered was interlocutory in character and not appealable.

We think the motion to dismiss should be granted. There is nothing in section 26, chapter 2 of title 18, Code of Laws of the District of Columbia, which gives a right of appeal from an order of the character just above mentioned. As we said in McCaul Co. v. Harr, 51 App.D.C. 111, 276 F. 633, the District of Columbia Code section to which we have referred clearly indicates the character of order intended to be embraced within its terms. We said that every interlocutory injunction is not appealable as a matter of right, but only such as affirmatively change or affect possession of property. In the instant case the order, by its terms, preserves the rights of all the parties in the papers and documents ordered to be delivered. It adjudicates no legal rights, but on the contrary preserves the status quo. It is not, therefore, within the intent of the statute al-

lowing appeals to this court "from all interlocutory orders of the supreme court of the District of Columbia, or by any justice thereof, whereby the possession of property is changed or affected, such as orders for the appointment of receivers, granting injunctions, dissolving writs of attachment, and the like."

It was an administrative order wholly within the discretion of the trial court.

Appeal dismissed.