**LEVY v. ARSENAULT et al.**

No. 723.

Municipal Court of Appeals for the
District of Columbia.

Jan. 14, 1949.

Rehearing Denied Jan. 31, 1949.

S. L. Levy, pro se.

Arthur L. Willcher, of Washington, D.C.,
for appellee Mrs. E. K. Allen.

No appearance or brief for appellee Rosie
Lee Arsenault.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant filed a complaint for injunction,
alleging that for sometime he had been a
tenant of a room in a rooming house operat-
ed by appellee Arsenault and managed by
appellee Allen; that he had filed a petition
with the Administrator of Rent Control re-
specting certain alleged violations of the
Emergency Rent Act, D.C.Code 1940, § 45—
1601 et seq., by appellee Arsenault; and
that following a hearing before the Rent
Administrator appellant's room had been
padlocked and he had been denied access
to the room and to his belongings therein.
The complaint sought a temporary restrain-
ing order, a temporary injunction and a
permanent injunction, the effect of which
would be to require appellees to remove
the lock from the door of the room and re-

store appellant to possession and restrain them from "interfering with plaintiff's right to enjoy the use and occupancy" of the room.

The trial court issued an ex parte restraining order. Personal service of it on appellee Arsenault was not had and the attempted service was thereafter quashed. Personal service was made on appellee Allen but she either could not or did not restore possession to appellant, and a motion to adjudge her in contempt was denied.

A motion for a preliminary injunction was heard and denied. This appeal is from the order denying a preliminary injunction.

Our first question is whether the order appealed from is an appealable order. Review by this Court is limited by statute to appeals from a "final order or judgment," or from interlocutory orders "whereby the possession of property is changed or affected such as orders dissolving writs of attachment and the like." Code 1940, Supp. VI, 11—772(a). "The finality of an order depends not upon its name, its propriety, or its normal function, but upon whether it 'disposes of the whole case on its merits'" so that nothing remains to be done except execution on the judgment or decree. Jacobsen v. Jacobsen, 75 U.S.App.D.C. 223, 126 F.2d 13, 15; Whitman v. Noel, D.C.Mun. App., 53 A.2d 280. Clearly denial of the preliminary injunction was not a final order. It did not dispose of the case on its merits and, as far as we are informed, the case awaits trial on the merits. It may be that under certain circumstances denial of a preliminary injunction would possess sufficient attributes of finality to make it an appealable order but this is not such a case.

Neither was the order of the type of interlocutory order from which appeal lies. It neither changed nor affected possession of property. The Court took no affirmative action. The effect of its order was a refusal to change or affect possession. It was not an appealable interlocutory order. Laughlin v. Berens, 75 U.S.App.D.C. 409, 128 F.2d 23; Chas. M'Caul Co. v. Harr, 51 App.D.C. 111, 276 F. 633.

Although we conclude that no appeal lies from the order, we may add that if we were able to consider the merits no relief could be afforded appellant. Ordinarily an interlocutory injunction is not a matter of right but rests within the sound judicial discretion of the trial court. Rice & Adams Corp. v. Lathrop, 278 U.S. 509, 49 S.Ct. 220, 73 L.Ed. 480. Especially is this true when the injunction sought has a mandatory feature. Cf. Morrison v. Work, 266 U.S. 481, 45 S.Ct. 149, 69 L.Ed. 394. Generally the function of a preliminary injunction is to maintain the status quo or to prevent irreparable damage clearly shown to be imminent. Community Natural Gas Co. v. City of Cisco, 5 Cir., 65 F.2d 320. Here appellant sought to change the status quo by restoring him to possession but he made no clear showing that irreparable damage would result if this were not done. If appellant had been illegally evicted he had a legal remedy for damages, or perhaps he could have regained possession by summary proceedings under our forcible entry and detainer statute. Code 1940, 11—735. If appellant's personal property was being illegally withheld, legal remedy was available for recovery of it and damages for its detention. Thus the trial court may well have concluded that appellant was seeking by mandatory injunction to secure adjudication of a disputed right for which an action at law might afford an equally effective remedy, and that a balancing of the relative conveniences and inconveniences of the parties required withholding of action until final hearing on the merits. Cf. Brunswick v. Elliott, 70 App.D.C. 45, 103 F.2d 746; S. J. Groves & Sons Co. v. Warren, 77 U.S. App.D.C. 347, 135 F.2d 264, certiorari denied, 319 U.S. 766, 63 S.Ct. 1327, 87 L.Ed. 1716; Leonardo v. Leonardo, 79 U.S.App. D.C. 258, 145 F.2d 849.

Appeal dismissed.