**Willis N. CLARK, Appellant,**

v.

**DISTRICT DISCOUNT COMPANY, Inc., Appellee.**

**No. 2345.**

Municipal Court of Appeals for the District of Columbia.

Argued March 2, 1959.

Decided May 20, 1959.

———◆———

James I. Heinz, Washington, D. C., with whom David I. Abse, Washington, D. C., was on the brief, for appellant.

Leonard B. Meyers, Washington, D. C., for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

HOOD, Associate Judge.

Appellee sued appellant and caused to be issued a writ of attachment before judgment on the ground that appellant was a nonresident,[1] and certain of appellant's credits were seized. Appellant then came into court and moved to quash the attachment. This appeal was taken from an order denying his motion.

Our first question is whether the order is appealable. No final order or judgment has been entered and this court's jurisdiction to hear appeals from interlocutory orders is limited to appeals from orders "whereby the possession of property is changed or affected such as orders dissolving writs of attachment and the like."[2]

1. Code 1951, § 16–301.

2. Code 1951, § 11–772(a).

 An order denying a motion to quash a writ of attachment does not change or affect the possession of property and is not appealable. Hayes v. Conger, 36 App. D.C. 202; Chas. McCaul Co. v. Harr, 51 App.D.C. 111, 276 F. 633. To be appealable the order must be one which if carried into effect would change or affect possession by changing "the status quo ante" the order. Laughlin v. Berens, 75 U.S.App.D.C. 409, 411, 128 F.2d 23, 25. See also Levy v. Arsenault, D.C.Mun.App., 63 A.2d 671.

 If we consider the motion as one to quash service of process because it was the attachment that brought appellant into court, the same result is reached. It has been repeatedly held that on order overruling a motion to quash service is not final and appealable. Chappell v. O'Brien, 22 App. D.C. 190; Mitchell Mining Co. v. Emig, 35 App.D.C. 527; Church v. Church, 50 App.D.C. 239, 270 F. 361, 14 A.L.R. 769; Trans-Atlantic Trust Co. v. Pagenstecher, 53 App.D.C. 42, 287 F. 1019; Mellon v. Mertz, 58 App.D.C. 302, 30 F.2d 311; Atlas Van Lines v. Austin, D.C.Mun.App., 44 A. 2d 696.

Appeal dismissed.