George F. LUDINGTON and Mary R. Ludington, Appellants,

v.

Reuban BOGDANOFF, Appellee.

No. 4692.

District of Columbia Court of Appeals.

Submitted July 28, 1969.

Decided Oct. 3, 1969.

John F. Costello and Michael F. Keogh, Washington, D. C., were on the brief for appellants.

Herbert J. Muriel, III, Washington, D. C., was on the brief for appellee.

Before KELLY, GALLAGHER and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

■ This is an appeal from an order denying appellants-intervenors'[1] motion to quash an attachment. The attachment was issued before judgment, pursuant to D.C.Code 1967, § 15–501, since the defendants in the suit were nonresidents. The suit was filed and the attachment issued on June 2, 1967. The intervenors had earlier obtained a judgment against the defendants in Maryland on June 1, 1967. Subsequently, on September 8, 1967, they obtained a judgment in the District of Columbia on their Maryland judgment. A writ of attachment issued to enforce that judgment and the answer thereto by the garnishee stated that the defendants' wages were subject to the aforementioned attachment before judgment.[2]

■ As we stated in Clark v. District Discount Co., D.C.Mun.App., 151 A.2d 198 (1959), an order denying a motion to quash an attachment is not final hence not generally appealable. See also Hartz v. Segner, D.C.Mun.App., 157 A.2d 810 (1960). By way of an exception, this court may hear appeals from interlocutory orders only "whereby the possession of property is changed or affected * * *" D.C.Code 1967, § 11–741(2). Since possession of property is not affected by the denial of intervenors' motion to quash, this appeal is premature and we are without jurisdiction.

Appeal dismissed without prejudice to further proceedings in the trial court.

---

1. Hereinafter referred to as intervenors.

2. The record on appeal does not contain any of the material from the file in that foreign judgment action, and appellants' brief goes beyond the record on appeal in reciting facts from that file. While this court can judicially know the records of the trial court in related litigation, the better practice is for counsel relying on such material to include it in the record on appeal. See Rules 19, 21 and 31 of the Rules of this court.