Robert K. JENKINS and Sarah H. Jenkins, Appellants,

v.

Patricia PARKER and Samuel Parker, Jr., doing business as The Parker Group, Appellees.

No. 80–1089.

District of Columbia Court of Appeals.

Submitted Feb. 19, 1981.

Decided March 5, 1981.

Jeffrey M. Frost, Chevy Chase, Md., was on the brief for appellants.

Dawn White and Daniel Webster Coon, Rockville, Md., were on the brief for appellees.

Before KELLY, FERREN and PRYOR, Associate Judges.

PER CURIAM:

This is an appeal from a trial court order denying defendant-appellants' motion for summary judgment on plaintiff-appellees' complaint to enforce a mechanic's lien. Appellants premise this court's jurisdiction on D.C.Code 1973, § 11–721(a)(2)(C), contending that the trial court's order is an interlocutory order "changing or affecting possession of property." We disagree. Accordingly, we dismiss this appeal for lack of appellate jurisdiction.

## I.

Appellants, Robert K. and Sarah H. Jenkins, hired appellees, Patricia and Samuel Parker, Jr. (doing business as The Parker Group), to renovate their property. After appellees had completed the work, appellants refused to pay the balance due on the contract, claiming that appellees had performed in "a negligent and unworkmanlike manner" in violation of plumbing and gas inspection and licensing laws. On May 23, 1979, appellees filed a notice of intention to hold a mechanic's lien on appellants' property for the amount due. See D.C.Code 1973, § 38–102.

On June 18, 1979, appellees filed a complaint to enforce the lien. Appellants filed an answer and counterclaim, alleging defects necessitating replacement of most of the work performed, and further alleging that the District of Columbia mechanic's lien statute is unconstitutional "in that the law permits an owner of real property to be deprived of a significant property interest without notice, a prior hearing or other safeguards mandated by due process." On July 25, 1979, the parties stipulated that appellants had established an escrow account, in lieu of the property, to secure appellees' claim. The lien accordingly was lifted, and appellants were able to sell the property to a third party.

On August 29, 1979, appellants filed a motion for summary judgment, claiming that the mechanic's lien statute is unconstitutional. The trial court denied the motion. This appeal followed.

## II.

The trial court's denial of appellants' motion for summary judgment was an interlocutory order. Ordinarily, an interlocutory order cannot be appealed. See *Moyer v. Moyer*, D.C.Mun.App., 134 A.2d 649, 650 (1957); *Hankerson v. Tillman*, D.C. Mun.App., 88 A.2d 191, 192 (1952); D.C. Code 1973, § 11–721(a); *see generally* 10 C. Wright & A. Miller, Federal Practice and Procedure § 2715 (1973 & Supp.1979). There are, however, certain limited exceptions, and appellants maintain that this case falls within the exception allowing appeals from interlocutory orders "changing or affecting the possession of property." D.C. Code 1973, § 11–721(a)(2)(C). We disagree.

Appellants' motion for summary judgment was equivalent to a motion to quash the attachment. The denial of a motion to quash an attachment is not an appealable interlocutory order. *Ludington v. Bogdanoff*, D.C.App., 256 A.2d 921, 922 (1969); *Clark v. District Discount Co.*, D.C. Mun.App., 151 A.2d 198, 199 (1959); *Laughlin v. Berens*, 75 U.S.App.D.C. 409, 411, 128 F.2d 23, 25 (1942); *Chas. McCaul Co. v. Harr*, 51 App.D.C. 111, 113, 276 F. 633, 635 (1921). *See also Moyer, supra* (denial of

summary judgment seeking to dismiss complaint when trial court had issued pre-judgment writ of attachment was not an appealable interlocutory order). To fall within the exception as an appealable order "changing or affecting the possession of property," an order must change the status quo. *Clark, supra* 151 A.2d at 199.* Here, the trial court's order did not alter the possession of the property in any way. Before the suit for enforcement, appellees already had placed a lien on appellants' property. Prior to the court's order denying summary judgment, the parties already had stipulated that an escrow account had been established, enabling sale of the property on which the lien had been placed. The court's order denying appellants' motion for summary judgment left the escrow arrangement intact pending resolution of the merits of the complaint and counterclaim.

*Appeal Dismissed.*

---

* In *Clark*, the court interpreted the predecessor to D.C.Code 1973, § 11–721(a), which allowed appeals from interlocutory orders "whereby the possession of property is changed or affected such as orders dissolving writs of attachment and the like." D.C.Code 1951, § 11–772(a). The legislative history is silent as to the reason the example was dropped. We do not read the amendment abbreviating the statute to affect the rule of construction we announced in *Clark*.