**HAGNER MANAGEMENT CORPORATION,**
Appellant,

v.

**Susanna LAWSON, Appellee.**

No. 86-745.

District of Columbia Court of Appeals.

Submitted Oct. 20, 1987.
Decided Dec. 4, 1987.

■■■■■■■

Stephen H. Abraham, Washington, D.C., was on the brief, for appellant.

No brief was filed for appellee. Nigel L. Scott, Washington, D.C., entered an appearance for appellee.

Before PRYOR, Chief Judge, and FERREN and TERRY, Associate Judges.

TERRY, Associate Judge:

Hagner Management Corporation (the landlord)[1] sued Susanna Lawson (the tenant) for possession of the apartment she leased from Hagner and for a money judgment for overdue rent. In defense to the action, Lawson asserted *inter alia* that Hagner had not given her a legally sufficient notice to quit, had not corrected several housing code violations, and had set the rent for her apartment above the legal rent ceiling.[2] Lawson then filed a motion to stay the landlord-tenant proceedings, arguing that judicial determination of her case should await the disposition of several petitions pending before the Rental Housing Commission (RHC) challenging other rent levels in the same apartment building.[3] The trial court granted the motion, and Hagner appealed. Lawson subsequently moved out of her apartment, but Hagner continues to seek the money judgment.

■ Lawson's motion for stay was based primarily on the pendency of Tenant Petition (TP) 3788 before the RHC. Hagner contended below, and contends here, that Lawson is not entitled to a stay because she is not a party to TP 3788[4] or to either of the other two RHC petitions identified in her motion. We conclude that we cannot consider these arguments because the order granting the stay is not appealable; accordingly, we dismiss this appeal for lack of jurisdiction.

Under D.C. Code § 11–721 (1981), this court has jurisdiction of appeals from all final orders and judgments of the Superior Court and, in limited circumstances, from certain interlocutory orders as well.[5] The order to stay proceedings pending resolution of TP 3788 is obviously not final. "A final order must dispose of the entire case on the merits and leave nothing remaining but execution of the judgment." *Dameron v. Capitol House Associates Limited Partnership*, 431 A.2d 580, 585 (D.C.1981), citing *Trilon Plaza Co. v. Allstate Leasing Corp.*, 399 A.2d 34, 36 (D.C.1979). Here the trial court did not dispose of the case at all; it granted the stay at the outset of the litigation without ever reaching the merits.

The order staying the proceedings in this case is plainly interlocutory. As a general rule, an interlocutory order cannot be appealed. *Jenkins v. Parker*, 428 A.2d 367, 368 (D.C.1981) (citing authorities). D.C. Code § 11–721(a)(2), however, creates a limited number of exceptions to this general rule. The question we must decide is whether an order staying proceedings in a landlord-tenant case under *Drayton v. Poretsky Management, Inc., supra* note 3,

---

**1.** Hagner is the management agent for the owners of the Dorchester House Apartments on 16th Street, N.W.

**2.** Before Lawson filed her answer, the court entered a protective order, with Lawson's consent, directing her to pay into the registry of the court each month a sum equal to her monthly rent.

**3.** *See Drayton v. Poretsky Management, Inc.*, 462 A.2d 1115 (D.C.1983).

**4.** TP 3788 was filed on behalf of ninety-six tenants who lived in the Dorchester House between September 1979 and June 1981. Lawson did not move into the building until August 1985.

**5.** D.C.Code § 11–721 (1981) provides in pertinent part:

(a) The District of Columbia Court of Appeals has jurisdiction of appeals from—

(1) all final orders and judgments of the Superior Court of the District of Columbia;

(2) interlocutory orders of the Superior Court of the District of Columbia—

(A) granting, continuing, modifying, refusing, or dissolving or refusing to dissolve or modify injunctions;

\*   \*   \*   \*   \*   \*

(C) changing or affecting the possession of property. . . .

falls within one of these exceptions. We hold that it does not, at least not in the circumstances presented here.

 An order staying a proceeding pending before the court that issues the order is not on its face an injunction, and hence it is not appealable under section 11–721(a)(2)(A) unless it can be deemed to have the effect of an injunction. In *Brandon v. Hines,* 439 A.2d 496 (D.C.1981), this court was faced with the question of whether the denial of a motion to confirm an arbitration award was appealable as an order "refusing" an injunction. In holding that it was, we adopted a two-part test established by the Supreme Court in *Carson v. American Brands, Inc.,* 450 U.S. 79, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981), for deciding the appealability of orders under the corresponding federal statute governing interlocutory appeals, 28 U.S.C. § 1292(a)(1) (1976).[6] Under *Brandon* this court must first determine that the order from which the appeal is taken has "the practical effect" of granting or refusing an injunction. 439 A.2d at 506. If we conclude that it does, we must then ascertain whether the order imposes "a sufficiently serious injury to justify an immediate appeal." *Id.* at 507. If it does not, then the order is not appealable.

While an order staying a pending court proceeding may arguably have the practical effect of an injunction, the record before us here cannot support a claim that the landlord would suffer serious injury if no appeal were allowed. Under the protective order, the tenant has paid the disputed rent into the court registry; in addition, the landlord has regained possession of the apartment. The stay, therefore, has not prejudiced the landlord. Indeed, the landlord has stated that it would acquiesce in a stay if the tenant would follow what the landlord considers to be the proper procedures for obtaining a stay under *Drayton.*[7] We hold, therefore, that the trial court's order is not appealable under section 11–721(a)(2)(A).

 Nor is it appealable under section 11–721(a)(2)(C) as an order "changing or affecting the possession of property." Since the tenant has vacated her apartment, the landlord now seeks only a money judgment. The landlord's eventual right to obtain a money judgment (assuming that the landlord has such a right) is not impaired by the stay, and thus the stay does not affect the possession of property. *See Dameron, supra,* 431 A.2d at 587; *Laughlin v. Berens,* 75 U.S. App. D.C. 409, 411, 128 F.2d 23, 25 (1942). Furthermore, to fall within the "affecting property" exception, an order must change the status quo between landlord and tenant. *Dameron, supra,* 431 A.2d at 587; *Jenkins, supra,* 428 A.2d at 369. The stay in this case does not have that effect. The parties stand in the same position with respect to each other as they did at the start of the litigation, except that the tenant has vacated her apartment, an action which could only be beneficial to the interests of the landlord. Thus we hold that the trial court's order does not fall within the ambit of section 11–721(a)(2)(C).

Because the order granting the stay is not appealable, we lack jurisdiction to entertain this appeal, and accordingly it is

*Dismissed.*

6. At the time of the *Carson* decision, 28 U.S.C. § 1292(a)(1) provided:
   (a) The courts of appeals shall have jurisdiction of appeals from:
   (1) Interlocutory orders of the district courts of the United States ... or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court....
The reader will quickly see that this statute is materially identical to D.C.Code § 11–721(a)(2)(A), *supra* note 5. The federal statute has been amended twice since *Carson* was decided, but neither amendment changed the language quoted here.

7. The landlord's principal argument on the merits is that the tenant should have joined in one or more of the proceedings before the RHC before obtaining a stay; alternatively, the landlord argues that the trial court should have granted a "reasonable continuance," as we suggested in *Drayton,* 462 A.2d at 1120, to enable the tenant to file her own petition with the RHC.