**Robert C. McDIARMID, Appellant,**

v.

**Ruth McDIARMID, Appellee.**

**No. 90–70.**

District of Columbia Court of Appeals.

Argued March 26, 1991.
Decided July 10, 1991.

---

Peter R. Sherman, with whom Claudia A. Pott and Meredith B. Trim were on the briefs, Washington, D.C., for appellant.

Pamela B. Forbes, with whom Marna S. Tucker, Rachel S. Garron and Mary G. Hynes were on the brief, Washington, D.C., for appellee.

Before TERRY, STEADMAN and SCHWELB, Associate Judges.

STEADMAN, Associate Judge:

This is an appeal from an order of the trial court in a divorce proceeding. We conclude that the order is not a final appealable order and therefore we dismiss the appeal for want of jurisdiction.

## I

The appeal is from an order granting the appellee wife's complaint for absolute divorce and entitling her to alimony, child support, and joint custody, with the husband, of their then minor son. The order also determined and set values on the marital assets of the parties subject to distribution by the court pursuant to D.C.Code § 16–910(b) (1989)[1] and held that each party should receive 50 per cent of those marital assets.[2]

However, the trial court failed to make any actual distribution of these marital assets or to determine which assets were to be received by which party, as the statute contemplates. While it did set out a proposed equal distribution plan, awarding the marital home, jewelry, accumulated leave and retirement earnings, about $9,000 in cash, and all of the couple's savings and investment accounts to the wife, while allotting the husband his law practice (including its goodwill), his retained income in his family partnership, and his retirement benefits, it expressly referred to the plan as only "one way of dividing the marital property." It simply stated: "[U]nless the parties are unable to agree on a method of dividing their assets including installment transfers, if appropriate, the court will not order a specific distribution, item by item." The trial court never stated, and neither party asserts before us, that the court intended to enact its proposed distribution of specific items if the parties were unable to agree on a more suitable apportionment. It instead emphasized that if the parties could not agree on an item by item allocation, it would "retain jurisdiction for the purpose of resolving issues, if any, on distribution of marital assets...." It then ordered, adjudged, and decreed that "plaintiff and defendant shall execute all documents necessary to a 50–50 division of their marital assets listed in Conclusion 6 on or before April 1, 1989."

. . . .

---

1. That provision in pertinent part provides:
   Upon the entry of a final decree of ... divorce in the absence of a valid ante-nuptial or post-nuptial agreement ..., the court shall:

   \*   \*   \*   \*   \*   \*

   (b) distribute all other property accumulated during the marriage, regardless of whether title is held individually or by the parties in a form of joint tenancy or tenancy by the entireties, in a manner that is equitable, just and reasonable

2. The husband appeals rulings of the trial court that the goodwill in his law practice and the retained earnings in his separate family partnership are marital property, both determinations that present significant issues of first impression to us on appeal. He also appeals the trial court's findings that the wife was entitled to $500 per month for child support and $1,000 per month for alimony.

After the parties were in fact unable to reach agreement on any item by item distribution of the assets and failed to execute the required documents, the trial court never made—nor was it asked to make—any specific distribution in kind as required by D.C.Code § 16–910(b). Rather, the husband filed a Motion to Reconsider the substantive determinations of what assets constituted marital property and their valuation in light of allegedly changed circumstances since the trial court's order, arguments which he now reasserts to us on appeal. In his motion, the husband characterized the trial court order as a "hypothetical distribution of marital property." The wife filed an Opposition to the husband's Motion to Reconsider, contesting the motion on procedural and substantive grounds. That motion termed the trial court's order "tentative."

We therefore directed the parties to brief in this court the question whether the instant appeal has been taken from a final order and judgment of the Superior Court pursuant to D.C.Code § 11–721[3] or is otherwise within the jurisdiction of this court.

## II

The husband argues that the trial court order was a final and appealable judgment pursuant to § 11–721 because the order determined the quantum of relief to which the parties were entitled and disposed of all of the substantive issues before it. He claims that the determination of "[h]ow the assets are actually distributed between the parties to satisfy the judgment is ministerial in nature," and that an appeal in this case would not abridge the purposes of the final judgment rule while a remand would deny justice by delaying appellate review on the merits.[4] The wife counters that the order was advisory only and not appealable because unenforceable as to any specific item. More significantly, she argues that the trial court did not purport to dispose of the case completely on the merits but instead retained jurisdiction to make the actual property distribution after giving the parties the chance essentially to bargain in the shadow of the tentative plan.

We have interpreted § 11–721, just as the federal courts have read the federal finality statute, 28 U.S.C. § 1291, to " 'disallow appeal from any decision which is tentative, informal or incomplete. Appeal gives the upper court a power of review, not one of intervention. So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal.' " *Trilon Plaza Co. v. Allstate Leasing Corp.*, 399 A.2d 34, 37 (D.C.1979) (citations omitted) (quoting *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)). We have held that for an order to be final, it must " ' "dispose[ ] of the whole case on its merits so that the court has nothing remaining to do but to execute the judgment or decree already rendered." ' " *Trilon Plaza, supra*, 399 A.2d at 36 (citations omitted). That is, any remaining trial court task must be purely ministerial. The decree "must not only be final but also complete, that is, final not only as to all parties, but as to the whole subject matter and all the causes of action involved." *District of Columbia v. Davis*, 386 A.2d 1195, 1198 (D.C.1978). In determining finality, we take into account "not merely those [interests] of the immediate parties but, more particularly, those [interests] that pertain to the smooth functioning of our judicial system." *District of Columbia v. Tschudin*, 390 A.2d 986, 988 (D.C.1978) (quoting *Republic Natural Gas Co. v. Oklahoma,*

---

3. That section provides in pertinent part that this court has jurisdiction over appeals from "all final orders and judgments of the Superior Court of the District of Columbia." No real claim is made by appellant that this appeal is authorized by D.C.Code § 11–721(a)(2)(C), a provision for appeals of interlocutory orders "changing or affecting the possession of property," that is, which actually alter the status quo of possessory rights, not the case here. *See Clark*

*v. District D`scount Co.*, 151 A.2d 198, 199 (D.C.1959), and cases cited.

4. No claim is asserted, or could be, that the order is appealable under the exception to the finality rule known as the collateral order doctrine. *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 5`1, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Urciolo v. Urciolo*, 449 A.2d 287, 289 (D.C.1982).

334 U.S. 62, 69, 68 S.Ct. 972, 977, 92 L.Ed. 1212 (1948)).

We must conclude that the order was not final. First, and most basically, the order did not by its own terms purport to be a final judgment ripe for review: the trial court simply termed it "one way" of allotting the property, never suggesting it would adopt the proposed plan as is if the parties could not reach agreement. While the parties themselves did not dispute the order's finality in arguments on the Motion to Reconsider, they nevertheless referred to the order in their initial briefs on appeal as "hypothetical" and "tentative."

Second, and more significantly, we disagree with the husband's contention that the order was a complete determination of the merits such that the trial court had only to administer or enforce its judgment. As the wife points out, the parties continue to hold the property jointly and neither party may seek an enforcement order as to any particular piece of property. The principal danger to be avoided in requiring a final judgment, that of piecemeal litigation, may not be averted by an appellate decision on the substantive claims at this juncture. After receipt of its actual distribution terms, either party may challenge on a fresh appeal those specific determinations. Furthermore, it may be that in making the actual distribution, the trial court will take into account and reflect some of the considerations raised by the parties before us in contesting the order now sought to be appealed. The intent of the legislature to prevent such piecemeal review, and, more generally, the "smooth functioning" of Family Division property divisions and appeals therefrom, require that the trial court make an actual, and not a tentative, hypothetical, or possible award of specific marital property prior to any appeal. The Supreme Court has recently reaffirmed this goal of the final judgment rule, while additionally pointing out that a complete decision of the trial court gives the appellate court the benefit of a more complete understanding of the trial court's ruling on the merits of the substantive law as well. *See*

*Osterneck v. Ernst & Whinney*, 489 U.S. 169, 177, 109 S.Ct. 987, 992, 103 L.Ed.2d 146 (1989) (where prejudgment interest has not been determined, no final judgment because such interest is part of plaintiff's complete relief).

The husband has pointed us to no case in which a court has said such a tentative decree was a final judgment, and we can find none. *Cf. Quarles v. Quarles*, 353 A.2d 285, 288 (D.C.) (leaving open determination of child support to await further hearing and findings by auditor did not impair finality of judgment actually distributing marital property), *cert. denied*, 429 U.S. 922, 97 S.Ct. 321, 50 L.Ed.2d 290 (1976). We think this case is more akin to those of our cases cited by the wife where we have said trial court orders denied us jurisdiction to review them because they left open issues of valuation and actual allotment. *See Marlyn Condominium, Inc. v. McDowell*, 576 A.2d 1346, 1347 n. 1 (D.C.1990) (where record does not show a determination of amount of attorney fees awarded, there is no final award of fees); *Burtoff v. Burtoff*, 390 A.2d 989, 991–92 (D.C.1978) (where trial court determined that prenuptial agreement was valid defense except insofar as it limited husband to $10,000 support obligation, but put off determination of exact amount of support owing to wife, order was nonfinal).

In sum, the statutory provision at issue requires that, as part of a divorce decree, the court shall make a final determination as to the future ownership of each item of marital property. This has not yet been done, and the trial court's task under the statute is not yet completed. We therefore must dismiss the appeal for want of jurisdiction.[5]

*So ordered.*

---

**5.** The husband contends that the trial court's

awards of alimony and child support are none-

theless final and "ripe for review" as severable from the marital property issue. He offers no authority for the proposition that such orders are severable and immediately appealable, *cf. Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 202–03, 108 S.Ct. 1717, 1721–22, 100 L.Ed.2d 178 (1988), and partial review of the issues would ignore the purpose of the final judgment rule to "'combine in one review all stages of the proceeding....'" *Trilon Plaza, supra,* 399 A.2d at 37 (citation omitted). We think these issues, linked to the overall restructuring of the parties' finances, are in the circumstances here more properly joined with review of the division of marital property.