KING, Associate Judge:
Appellant was brought before the trial court on a petition to establish paternity and provide support for the minor child of appellee pursuant to D.C.Code § 16-916(c)(1989). Appellant was represented by counsel and appellee was represented by the Office of Corporation Counsel pursuant to D.C.Code § 16-2341(a)(1989). On June 29, 1989 the parties appeared before Judge Michael Rankin, who made oral findings that appellant was the father of the child and that he owed a duty to support the child.
The matter was then referred to Hearing Commissioner Dennis Doyle to set the level of support. On July 20, 1989, Commissioner Doyle ordered temporary support of $788.69 per month and scheduled a review for September 14, 1989, for a hearing on the permanent support order.[1] On July 28, 1989, appellant filed a timely motion seeking review of Commissioner Doyle’s July 20, 1989, temporary order of support which was assigned to Judge Rankin. Appellee avers that no ruling on that motion has been made. Appellant has not disputed that claim and there is no indication in the record that the trial judge has ever completed his review of the hearing commissioner’s decision.
In the meantime, the trial judge issued a written order on August 14, 1989, adjudicating appellant as father of the child, which incorporated the oral findings of fact and conclusions of law made at the hearing on June 29, 1989. That order was silent on the issue of amount of support. The notice of appeal, filed August 28, 1989, was from Judge Rankin’s August 14, 1989, order.
Appellant claims that the trial court did not have personal jurisdiction to hear this case since neither the father, mother, nor child reside in the District of Columbia, and the child was not conceived here. See D.C.Code § 13-423(a)(7)(D) (1989). Appellant has attempted to establish this point by appending certain documents to his brief which purport to support his claim. Appellee contends that this court should *161 not consider any of the documents because none of them were presented to the trial court for its consideration. Appellee also argues that in any event the trial court did in fact have personal jurisdiction over appellant. Appellee also maintains that this court lacks jurisdiction to hear this appeal because there is no final order or judgment of the Superior Court. We need not consider whether there was personal jurisdiction in the trial court since we agree with appel-lee that we lack jurisdiction to hear this appeal. Accordingly, the appeal is dismissed.
This court’s jurisdiction to hear appeals from the Superior Court is limited (except for certain interlocutory appeals not at issue here) to appeals from “final orders and judgments.” D.C.Code § 11-721(a) (1989). We have held that this provision bars an appeal unless the order appealed from disposes of all issues in the case; it must be final as to all the parties, the whole subject matter, and all of the causes of action involved. District of Columbia v. Davis, 386 A.2d 1195, 1198 (D.C.1978); accord, McDiarmid v. McDiarmid, 594 A.2d 79, 81-82 (D.C.1991).
The petition filed in this case sought to establish paternity and obtain support. The paternity issue was resolved by Judge Rankin’s August 14, 1989, written order. The question of the amount of support, however, for the reasons set forth below, has not yet been finally decided. In McDiarmid v. McDiarmid, supra, we held that an order granting divorce, awarding custody, setting alimony and child support was not final where the question of distribution of marital property remained open. Id. at 82. Similarly, in Burtoff v. Burtoff, 390 A.2d 989, 991-92 (D.C.1978), we concluded that an order upholding the validity of a prenuptial agreement but not determining the support payment due the wife was not final. We see no reason for a different conclusion in this case. Two issues were raised by the petition and they are interrelated with each other. Accordingly, we hold that an action seeking an adjudication of paternity and support is not final for purposes of an appeal to this court until both the paternity issue and the support issue are finally resolved.
The temporary child support determination made by the hearing commissioner on July 20,1989, did not render the order final since hearing commissioner orders are not directly reviewable by this court. Arlt v. United States 562 A.2d 633, 635 (D.C.1989); Speight v. United States, 558 A.2d 357, 360 (D.C.1989). Appellant did seek review before a Superior Court judge, however, no ruling has yet been issued. “An appeal to the District of Columbia Court of Appeals may be made only after a judge of the Superior Court has reviewed the [hearing commissioner’s] order or judgment.” D.C.Code § 11-1732(k) (1989); Super.Ct.Fam.R.D(f). Since appellant is seeking review of an order that is not final because a Superior Court judge has not completed a review of the hearing commissioner’s decision, this court is without jurisdiction to consider the appeal. Accordingly, this appeal is

Dismissed for lack of jurisdiction.

. Appellant's counsel did not appear for that hearing and the question of permanent support has, as far as the record reveals, never been decided.