DAVID M. BAIN, Adm'r, v. DANIEL BAIN.

*Practice in Supreme Court—Premature Appeal.*

Where, upon objection, certain testimony was excluded on the trial below, and the plaintiff submitted to a judgment of nonsuit, which was afterwards stricken out and the case reinstated for trial, no appeal lies to this Court, and an appeal taken by defendant will be dismissed.

This was a CIVIL ACTION, tried before *Connor, J.*, at November Term, 1887, of CUMBERLAND Superior Court,

On the trial certain testimony offered by the plaintiff was excluded, whereupon plaintiff submitted to a nonsuit.

Afterwards the Court directed the judgment of nonsuit to be stricken out and the case to be reinstated for trial, and the defendant appealed.

The facts appear in the opinion.

*Mr. W. A. Guthrie*, for the plaintiff.
*Mr. N. W. Ray*, for the defendant.

DAVIS, J.: The allegations of the complaint, so far as material to the question now before us, are, substantially,

that on the 8th day of April, 1844, the defendant executed
to John Bain, Sr., the intestate of the plaintiff, a bond for
the sum of $500, with certain conditions attached, which is
made part of the complaint. That, on the same day that
the bond was executed, the said John Bain executed to the
defendant a deed in fee-simple, conveying to him the land
set out in the complaint. That said deed, though absolute
on its face, was made with the "express understanding and
agreement" that the defendant would take said land and
certain personal property referred to in the bond, and hold
the same in trust for the payment of certain debts men-
tioned. That the defendant never performed the conditions
of the bond, nor has he executed the trust for which said
land was conveyed to him.

The plaintiff asks judgment for $500 mentioned in the
bond, with interest thereon, and that it be adjudged that the
land be held in trust for its payment, and so applied.

The answer is a substantial denial of the allegations of the
complaint, and the defendant says that he was in the posses-
sion of the land set out in the complaint at the time of the
execution of the deed by John Bain (his father), and has been
continually since in open adverse possession. He insists
upon the lapse of time and the statute as a bar.

Upon the trial, the plaintiff proved that D. J. McAllister,
the subscribing witness to the bond, was dead, and offered
to read in evidence the bond, upon the certificate of the
Clerk and Register of Deeds. This was objected to. The
objection was sustained, and plaintiff excepted.

Various other questions relative to the competency of wit-
nesses and testimony were presented and decided adversely
to the plaintiff, who excepted, and "thereupon submitted to a
nonsuit."

"The Court, after consideration, being of the opinion that
there was error in the ruling made in the exclusion of

BAIN *v.* BAIN.

evidence, directed the judgment of nonsuit to be stricken out and the case to be reinstated for trial, from which judgment the defendant appealed to the Supreme Court."

Not only was the appeal in this case prematurely taken from a judgment which was not final, but which, in no possible aspect of the case could deprive the appellant of any substantial right. That such an appeal will not be entertained by this Court is well settled. *Hailey* v. *Gray*, 93 N. C., 195, and cases cited.

The case on appeal cannot present the questions raised by plaintiff's exceptions, his Honor having, upon consideration, concluded that there was error in the exclusion of evidence, but they appear in the record, and counsel unite in the following request: "In this case the counsel on both sides agree to waive all irregularities in making up the case, on appeal and request this Court to decide the point presented."

If by now expressing an opinion upon the "points presented" an end would be put to the controversy, the Court would be warranted in acceding to the request. *Thornton* v. *Lambeth*, 103 N. C., 86, and the cases cited. It appears, however, from the complaint and answer, that other and important "points" are presented, and many questions may arise, and appeals cannot be considered in this fragmentary way.

The appeal must be dismissed.

Appeal dismissed.