### SNIDER v. LYONS.

(Court of Appeals of the District of Columbia. Submitted October 9, 1922. Decided December 4, 1922.)

#### No. 3761.

1. **Appeal and error ⬦907(3)—Testimony not brought up by bill of exceptions is presumed to support finding.**

   Where the testimony adduced at the trial was not brought up by a bill of exceptions, it will be presumed that the trial court's finding that an account was stated on the date from which interest was allowed was justified.

2. **New trial ⬦162(4)—Verdict allowing interest from too early a date can be reduced by remittitur.**

   A verdict in an action on an account stated, which allowed interest from a date earlier than that on which it was shown an account was stated, was, at most, defective in form, and the defect could be cured by remittitur of the interest prior to the date established by the evidence.

3. **Appeal and error ⬦1004(3)—Judgment not reversed because based on verdict corrected by remittitur of excess interest.**

   A judgment based on a verdict, which the court corrected by remittance of excess interest to make it conform to the evidence, will not be reversed on that ground alone.

Appeal from the Supreme Court of the District of Columbia.

Action by Joseph J. Lyons against Delia M. Snider. From a judgment for plaintiff in the Supreme Court, on appeal from the municipal court, after the interest allowed by the verdict in the Supreme Court prior to the date from which it was allowed in the municipal court had been remitted, defendant appeals. Affirmed.

Chapman W. Maupin, of Washington, D. C., for appellant.
Joseph Y. Reeves, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellee, plaintiff below, sued appellant in the municipal court of this District upon an account stat-

ed claiming interest from August 1, 1916. A judgment was recovered, with interest from August 28, 1916. On appeal to the Supreme Court of the District of Columbia, a jury found for plaintiff, with interest from August 1, 1916.

Defendant moved for a new trial upon the ground that there was no evidence that an account had been stated on August 1, 1916. Plaintiff filed a remittitur of the interest from August 1 to 28, 1916, whereupon defendant moved an arrest of judgment, challenging the power of the court by remittitur to determine, without the aid of a jury, that an account was stated on August 28, 1916.

The court denied the motions, and from the judgment entered this appeal is prosecuted.

[1-3] The testimony adduced at the trial is not before us by bill of exceptions; hence it will be presumed that the trial court was justified in finding that an account was stated August 28, 1916. Assuming this date to be correct, the verdict was at most defective in form, to the extent of including a few extra days interest. This defect was cured by the remittitur, and the ground of the motion for a new trial was removed. A judgment based upon a verdict, which the court has corrected, by remittance of excess interest, in order that it may conform with the evidence, is not subject to reversal upon that ground alone. Railroad Co. v. Dougherty, 7 App. D. C. 378.

The judgment is affirmed, with costs.