**SERKOWICH v. WARDELL.**

No. 7098.

United States Court of Appeals for the District of Columbia.

Decided Dec. 30, 1938.

Rossa F. Downing, Thomas F. Gowen, and Hilda Marie Jackson, all of Washington, D. C., for plaintiff in error.

254

Charles E. Wainwright, Kahl K. Spriggs, and Brice Clagett, all of Washington, D. C., for defendant in error.

Before GRONER, Chief Justice, and STEPHENS and EDGERTON, Associate Justices.

PER CURIAM.

Wardell sued Serkowich, in the Municipal Court, on a promissory note. On May 26, 1937, defendant's motion to dismiss for want of prosecution was granted. At a later term of court, on December 8, 1937, the Municipal Court granted plaintiff's motion to vacate the order of dismissal and reinstate the case on the docket. This court may review by writ of error a "final judgment" of the Municipal Court.[1]

"A judgment or decree to be final, within the meaning of that term as used in the acts of congress giving this court jurisdiction on appeals and writs of error, must terminate the litigation between the parties on the merits of the case, so that if there should be an affirmance here, the court below would have nothing to do but to execute the judgment or decree it had already rendered. * * * If the judgment is not one which disposes of the whole case on its merits, it is not final." Bostwick v. Brinkerhoff, 106 U.S. 3, 4, 1 S.Ct. 15, 16, 27 L.Ed. 73. Cf. Chappell v. O'Brien, 22 App.D.C. 190, 193.

 We may allow appeals from interlocutory orders of the District Court,[2] but not from interlocutory orders of the Municipal Court. An order setting aside a nonsuit, or vacating a judgment of dismissal and reinstating a case, since it does not dispose of the whole proceeding, is not final but interlocutory. Whitaker v. Wright, 98 Fla. 500, 123 So. 857; Bain v. Bain, 106 N.C. 239, 11 S.E. 327; City of Goldsboro v. Holmes, 183 N.C. 203, 111 S.E. 1; Haygood v. Pinkey, 112 Okl. 30, 239 P. 456; cf. Hanson v. Custer, 203 Wis. 55, 233 N.W. 642. It follows that we have no jurisdiction.

If defendant hereafter sues out a writ of error from a final judgment, we may then consider whether the Municipal Court had authority to set aside, at a later term of court, its order dismissing the cause for want of prosecution. Cf. Tub-

[1] D.C.Code, 1929, Tit. 18, Sec. 29, Act of March 3, 1921, 41 Stat. 1312, Ch. 125, Sec. 12.

man v. Baltimore & Ohio Railroad Company, 20 App.D.C. 541, affirmed, 190 U.S. 38, 23 S.Ct. 777, 47 L.Ed. 946; R.L. Polk & Company v. Smolik, 44 App.D.C. 55.

Writ of error dismissed.