## WASHINGTON v. STERLING.

### No. 1244.

Municipal Court of Appeals for the District of Columbia.

Argued July 22, 1952.

Decided Aug. 5, 1952.

Ellis B. Miller, Washington, D. C., for appellant.

Aubrey E. Robinson, Jr., Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

PER CURIAM.

Appellant, tenant of appellee, was sued by appellee for possession of the leased premises and for past due rent. Appellant filed a counterclaim for alleged rent overcharges under the District of Columbia Emergency Rent Act, D.C.Code 1940, § 45–1601 et seq. During the course of the trial appellant through her counsel consented to the entry of judgment for possession against her with a stay of execution for approximately six weeks. No money judgment was entered on either appellee's claim for rent or appellant's counterclaim for overcharges. After expiration of the stay of execution, appellant filed a motion for relief from the judgment, asking that the judgment be vacated and a trial had on the merits. This motion was denied and an appeal was noted from the judgment and the order denying the motion.

Appellee has moved to dismiss the appeal. His main point is that a judgment by consent will not support an appeal. We need not pass on that question because the notice of appeal was filed long after time for appealing from the judgment had expired. The motion for relief from the judgment was filed under Municipal Court Civil Rule 60(b), substantially the same as Fed.R.Civ.P. 60(b), 28 U.S.C.A., and that rule, like the Federal rule, expressly provides that a motion made under it does not affect the finality of the judgment. Consequently the appeal here does not bring up for review the judgment; it brings up only the question whether the trial court was in error in denying the motion for relief. Saenz v. Kenedy, 5 Cir., 178 F.2d 417.

This brings us to the question of the power of the trial court under Rule 60(b) to grant relief, in a proper case, from a judgment entered by consent. We have found only one authority squarely in point and it answers the question in the affirmative. In Fleming v. Huebsch Laundry Corporation, 7 Cir., 159 F.2d 581, 585, the court, referring to Fed.R.Civ.P. 60(b), said: "We think this provision covers all judgments, including consent or default judgments, or judgments entered after contest." Accordingly, we hold that the trial court was authorized to hear the motion for relief and to grant relief on a proper showing and that the denial of the motion is subject to review on appeal for abuse of discretion. Cf. Assmann v. Fleming, 8 Cir., 159 F.2d 332. Whether there was an abuse of discretion can be determined only after hearing on the merits.

Appellee makes the further point that the case is moot because appellant has surrendered possession of the premises. The record does not show that possession has been surrendered although at argument appellant's counsel conceded that his client was no longer in possession. In the present state of the record we cannot say that the surrender of possession was under such circumstances as to constitute a voluntary acquiescence in the judgment. Furthermore, the right to possession was only one issue in the suit. Appellant's counterclaim for overcharges would not necessarily stand or fall on appellee's claim to possession of the leased premises. On the record before us we cannot hold that the case has become moot.

For the reasons stated above, the motion to dismiss the appeal is denied.