## LOMBARD v. WELCH.

### No. 1468.

Municipal Court of Appeals for the District of Columbia.

Argued March 22, 1954.

Decided April 23, 1954.

---

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This is an appeal from an order vacating a default judgment entered in a contract action.[1]

■ We first consider appellee's contention that the appeal should be dismissed as not timely filed. The default judgment was vacated December 18, 1953. A motion for rehearing was filed December 22, 1953, and denied January 11, 1954. Notice of appeal was filed January 21, within 10 days of the disposition of the motion for rehearing. Under our Rule 27 (d) the time for taking an appeal did not begin to run until the motion for rehearing was denied, and therefore, notice of appeal was filed in time. DeFoe v. National Capital Bank of Washington, D.C. Mun.App., 90 A.2d 242.

■ Appellant argues that the motion to vacate was filed too late under Municipal Court Rule 60(b). Appellee contends that the motion was filed under Rule 60 (a), which prescribes no time limitation. We agree that the motion was governed by Rule 60 (a) and that the trial court had a right to entertain it. That rule provides: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court *at any time* of its own initiative or on the motion of any party and after such notice, if any, as the court orders." (Emphasis supplied.) Here the judgment by default was entered against appellee despite the fact that he had filed a motion for bill of particulars,[2] which had not been acted on. Although appellant's attorney admitted at the argument on appeal that he had been served with a copy of the motion before he asked

Ernest G. Barnes, Washington, D. C., for appellant.

Herman Miller, Washington, D. C., for appellee.

1. We have held such an order to be appealable, Blacker v. Rod, D.C.Mun.App., 87 A.2d 634, but only on the question whether there was an abuse of discretion. Washington v. Sterling, D.C.Mun.App., 90 A.2d 836.

2. There is some discussion in the briefs as to whether the motion for bill of particulars was filed in time under Rule 12(e). We need not consider that question, since even if it was filed late, we assume the trial court would not ignore it.

for the default judgment, he did not reveal that fact to the judge. Due to clerical error or oversight the motion was not included in the file jacket or brought by the clerk to the attention of the judge who granted default judgment. In these circumstances, the judge being under a misapprehension of the true state of the record, we think it must be held that the entry of default was the result of an underlying clerical error, "arising from oversight or omission," and that in setting aside the default the judge acted with complete propriety.

Perhaps it may be said that Rule 60(a) was not tailor-made to fit this precise situation, or that under these facts the case does not fit into that exact slot. But we think the circumstances are such that it would not be doing violence to the intent and purpose of the rule to apply it here. See Hill v. Hawes, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283.

 Since Rule 60(a) gives the trial court power to correct "Clerical mistakes in judgments," the rule should not be so read as to withhold the power to act when the judgment *in its entirety* is the result of clerical mistake, error or omission. We must assume that if the judge knew that defendant had a responsive pleading filed and pending he would not have ordered a default.

Much is made of the fact that defendant's attorney did not take the motion with the file jacket to the office of the Assignment Commissioner for calendaring, in accordance with the present practice in the trial court. (He says the file jacket could not be located.) But such is only a practice; it is not a step prescribed by any formal rule of court or by any official order duly posted or published. Nevertheless, defendant's attorney, who practices extensively in the Municipal Court and knows the procedural steps established for motions of this kind, should have taken such steps. But we are not to decide this appeal by measuring the relative laxity of the two attorneys. Rather it is our duty to test the propriety of the ruling in the light of the new and correct information on which the trial judge acted in setting aside the default: that defendant had not actually defaulted in pleading to the complaint.

Appellant complains that the motion to vacate contained no verified answer as provided in Rule 39, § C(c). But at the time that motion was filed the record contained the motion for bill of particulars, which asserted the inability of appellee to answer without further information. Under the circumstances this was enough to satisfy the requirement of the rule.

Affirmed.

HOOD, Associate Judge, concurs in the result.