## MID ATLANTIC APPLIANCES, Inc.

v.

### POTTER et al.

#### No. 1490.

Municipal Court of Appeals for the District of Columbia.

Argued May 24, 1954.

Decided June 21, 1954.

5. Code 1951, § 11–808(b).

Irving B. Yochelson, Washington, D. C., with whom Solomon Grossberg and Isadore Brill, Washington, D. C., were on the brief, for appellant.

William A. Kehoe, Jr., Washington, D. C., with whom Charles V. Koons, Washington, D. C., was on the brief, for appellee John Potter, Sr.

Robert E. Miller, Washington, D. C., entered an appearance for appellee John Paul Potter.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This was a suit on a $2,000 promissory note. John Paul Potter was the maker of the note; his father, John Potter, Sr., was the endorser, and Mid Atlantic Appliances, the payee. The note was given to Mid Atlantic as security for credit extended to John Paul Potter on the purchase of various electrical appliances. It was dated January 20, 1952, and was payable in 90 days. At the conclusion of the trial below the court made a finding in favor of Mid Atlantic for the full amount of the note, plus interest from January 20, 1952. Four days after entry of the judgment the appellees moved to have the judgment set aside "or in the alternative to grant defendants a new trial for the purpose of reopening the judgment. * * *" The motion was based on that provision of Municipal Court rule 60(b)[1] which states that "On motion and upon such terms as are just, the court may relieve a party or his legal representatives from a final judgment, order, or proceeding for the following reasons: * * * (3) * * * misrepresentation, or other misconduct of an adverse party; * * *." The appellees asserted in their motion and in a supporting affidavit by John Paul Potter that since the trial they had discovered evidence which would show that the note in question could not possibly have been executed until at least June or

---

1. Municipal Court rule 60(b) is substantially the same as rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

July, 1952, whereas it had been misrepresented to the court by Mid Atlantic that the note was executed on January 20 of that year. After a hearing on the motion, the court set aside the judgment and ordered a new trial, and it is from this ruling that Mid Atlantic appeals.

Appellant contends that the motion granted was in reality a motion for a new trial based on newly discovered evidence and that it was erroneous to grant a new trial because the motion was made after the entry of judgment. There can be no doubt that this contention would be correct if the motion was in fact one for a new trial, as the rules require that such motions must be made within four days *after the entry of the finding.*[2] But appellees argue that the "misrepresentation" section of 60(b) was the sole ground for their motion, and as we hold that the order of the trial court must be reversed regardless of which rule is relied upon, we will confine ourselves to a discussion of that section of rule 60(b).

■■ It is well settled that relief from a final judgment under rule 60(b) lies within the sound discretion of the trial judge.[3] As in all cases involving the discretion of the trial court, an abuse of that discretion must be shown before its ruling will be reversed on appeal.[4] But it is an abuse of discretion to set aside a judgment if the moving party shows no legal grounds for such relief.[5] We think such an abuse is clearly shown in the instant case. There is no question here of liberality in relieving a party from a default judgment, as this suit was fully tried on the merits. Furthermore, the question of the date of the execution of the note was fully explored during the trial. Appellant's credit manager testified that the note had originally been given to John Paul Potter some time during January, 1952, and that some time later, on a date which he could not recall, the note was returned to him with the signature of both the Potters. He further stated that the company never had any intention of negotiating the note, and therefore he had not paid much attention to its date, as it would have made no difference in his dealings with John Paul Potter. From these statements it can be seen that appellant made no misrepresentation whatsoever as to the actual date of the note, but freely admitted that they were uncertain of its date of execution. After hearing all this evidence, the trial judge made a finding for appellant.

■ In order to obtain relief under rule 60(b) appellees were required to establish misrepresentation.[6] This they failed to do. As to the question of the interest due on the note, the appellant offered to have the judgment amended so that the interest would not begin to run until July, 1952. We think such an amendment of the judgment would be entirely fair and proper.[7]

Reversed, with instructions to enter judgment for the plaintiff, with interest from July 1, 1952.

2. Municipal Court rule 59(b).

3. 3 Barron & Holtzoff, Federal Practice & Procedure, § 1323.

4. *Assmann v. Fleming,* 8 Cir., 159 F.2d 332.

5. *Western Union Telegraph Co. v. Dismang,* 10 Cir., 106 F.2d 362.

6. *Fiske v. Buder,* 8 Cir., 125 F.2d 841.

7. *Snider v. Lyons,* 52 App.D.C. 198, 285 F. 932.