FIREMEN'S INSURANCE COMPANY OF
NEWARK, NEW JERSEY, a
corporation, Appellant,

v.

Grace BOSWELL, Appellee.

No. 1517.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 8, 1954.

Decided Sept. 30, 1954.

Laidler B. Mackall, Washington, D. C., for appellant.

Alvin L. Newmyer, Jr., Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This suit was filed June 28, 1950, for windstorm damage under an insurance policy issued by appellant. After several delays and continuances,[1] the case was set for pretrial on July 14, 1952. At pretrial the judge was informed that plaintiff had died. Accordingly, he ordered the case returned to the files pending the filing of a suggestion of death.[2] No motion to substitute having been filed and no other action having been taken by either party the Assignment Commissioner on February 8, 1954, on his own initiative, set the case for trial on March 11. The next day, February 9, the attorney for appellant filed a motion to dismiss for failure to prosecute. He then learned that an administratrix of plaintiff's estate had been appointed who had requested Mr. Newmyer, present counsel for plaintiff, to take the case. Mr. Newmyer had not entered an appearance but

1. The various continuances and delays are detailed in the briefs. We need not discuss them here because all the continuances were with the consent of appellant and occurred before the death of the original plaintiff.

2. Under Municipal Court rule 25(a) the court may, upon death of a plaintiff, order substitution of parties within two years after the death.

was informed by the administratrix and Mr. Wren, plaintiff's counsel of record, that a motion to dismiss had been filed. On February 15 the Assignment Commissioner notified Mr. Wren and appellant's counsel by mail that the motion to dismiss would be heard February 24. A letter from Mr. Wren to Mr. Newmyer, which was later presented to the court, stated that he did not receive notice of the hearing on the motion to dismiss; consequently, no one appeared for plaintiff and the action was dismissed. Thereafter, a motion to set aside the dismissal was filed under Municipal Court rule 60(b), and after full hearing was granted. From that order the insurance company appeals.

■ First appellee suggests that the order appealed from is not a final order and hence not appealable. We have held, however, that an order vacating a default judgment under rule 60(b) is an appealable order.[3] An order setting aside a dismissal under the rule has the same effect as an order vacating a default judgment. We therefore rule that the present order is appealable.

■ Thus we must consider whether the trial court erred in setting aside the dismissal. It is clear that both the motion to dismiss and the motion to set aside the dismissal under rule 60(b) were addressed to the discretion of the court, and the court's decision should not be reversed unless there has been an abuse of such discretion.[4] The record before us reveals no such abuse. The statement of proceedings and evidence reveals that the judge's original decision to dismiss for failure to prosecute was influenced by the fact that no one appeared for plaintiff at the hearing on the motion. It is to be noted that at the time of the hearing on the motion to dismiss, the time for moving to substitute a new party plaintiff had not yet expired,[5] so there was at that time no requirement that the judge dismiss the action. At the hearing on the motion to set aside, Mr. Newmyer represented to the court that though he knew a motion to dismiss had been filed, he had received no notice of the hearing date of such motion, and assumed that since the trial had been set for March 11, the motion would be heard on that same date. Thus the question seems to be whether that representation, together with Mr. Wren's averment that he, as attorney of record, had not received notice of the hearing of the motion, justified the trial judge in reconsidering the order of dismissal.

■ Rule 60(b), which corresponds to Fed.Rules Civ.Proc. rule 60(b), 28 U.S.C.A., is broadly drawn and "should be given a liberal construction." Barber v. Turberville, D.C.Cir., —— F.2d ——. It provides that the court may relieve a party from a final judgment or order for "(1) mistake, inadvertence, surprise or excusable neglect * * * or (6) any other reason justifying relief from the operation of the judgment." Here the judge could have found that counsel of record (and, consequently, present counsel) did not receive the notice of the hearing on the motion to dismiss which was mailed by the clerk's office, and for that reason could have set aside the dismissal under subsection 6 of rule 60(b).

■ Appellant argues that the only grounds shown for relief rested upon inexcusable negligence by plaintiff's administratrix or her counsel. It is probably true that the case would have been kept in a more active status if, soon after her qualification, the administratrix had been substituted as plaintiff. It is also true that there was unnecessary confusion in the change of attorneys. Mr. Wren, no longer the actual attorney, continued as attorney of record, probably to preserve continuity

3. Lombard v. Welch, D.C.Mun.App., 104 A.2d 416; Blacker v. Rod, D.C.Mun. App., 87 A.2d 634.

4. Slater v. Cannon, D.C.Mun.App., 93 A.2d 92; Washington v. Sterling, D.C.Mun. App., 90 A.2d 836; Boyle Bros. v. Holt, D.C.Mun.App., 83 A.2d 666; Jarcy v. Griffith, D.C.Mun.App., 65 A.2d 919.

5. Municipal Court rule 25(a).

and protect his client's interests. And Mr. Newmyer, not yet officially in the case, was depending on notices being relayed to him by Mr. Wren. Events soon proved that this arrangement was less than satisfactory. But the trial judge was not required to rule that there was inexcusable neglect in the handling of the matter. Moreover, as we have already pointed out, it was open to the judge to find that Mr. Wren would have notified Mr. Newmyer of the hearing on the motion to dismiss, if he had received it; and the judge could have found that the notice never reached Mr. Wren. The record reveals no abuse of discretion.

Affirmed.