**HARCO, Inc., Appellant,**

v.

**GREENVILLE STEEL AND FOUNDRY COMPANY, Appellee.**

No. 1597.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 31, 1955.

Decided March 30, 1955.

John P. Labofish, Warren E. Miller, Washington, D. C., on the brief, for appellant.

James C. McKay, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is from an order vacating a judgment by default on a counterclaim. Appellee urges that the appeal should be dismissed on the ground that such an order is not final and appealable.

It is clear that this court, with exceptions not here applicable, is authorized to review only final orders or judgments. Code 1951, § 11–772; Whitman v. Noel, D.C.Mun.App., 53 A.2d 280; Hankerson v. Tillman, D.C.Mun.App., 88 A.2d 191. Appellee relies on our decision in Lee v. Zentz, D.C.Mun.App., 44 A.2d 872, where we dismissed an appeal, saying: "The order vacating the judgment made no final disposition of the case. It left the case undecided, with the right in the plaintiff to proceed to trial and judgment. Such an order is interlocutory and not final." Appellant relies on our decision in Blacker v. Rod, D.C.Mun.App., 87 A.2d 634, 635, where we said: "We have decided that an order vacating a default judgment is an appealable order." These seemingly conflicting rulings must be reconciled or one of them disapproved. We think they may be reconciled.

The great weight of authority is that although an order *refusing* to vacate a

default judgment is final and appealable, an order vacating a default judgment is not final and therefore not appealable. Annotation 108 A.L.R. 225; 2 Am.Jur., Appeal and Error, § 96. Such is the federal rule. Weilbacher v. J. H. Winchester & Co., 2 Cir., 197 F.2d 303. See also Serkowich v. Wardell, 69 App.D.C. 389, 102 F.2d 253. The exception to this rule is that if a court vacates a judgment after the time within which it has the power to do so, the vacating order is appealable. Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949. In Phillips v. Negley, 117 U.S. 665, 6 S.Ct. 901, 903, 29 L.Ed. 1013, the Supreme Court said: "The vacating of a judgment and granting a new trial, in the exercise of an acknowledged jurisdiction, leaves no judgment in force to be reviewed. If, on the other hand, the order made was made without jurisdiction on the part of the court making it, then it is a proceeding which must be the subject of review by an appellate court."

The principles thus stated explain and reconcile the seeming conflict between Lee v. Zentz and Blacker v. Rod. In the first of those cases, the judgment was vacated within a few days after entry and there was no question of the trial court's power to act. In the second case, the vacating order was made approximately four months after entry of judgment and thus beyond the three months' period provided by the trial court's Rule 60(b) for relief from a judgment on the ground of mistake, inadvertence, surprise, or excusable neglect. It was there contended on appeal, and we so found, that the only grounds on which the trial court could have granted relief were those embraced within the three months' limitation, and that the court was without power to act after that period had elapsed.

Other decisions of this court may also be reconciled under the principles above stated. Marvin's Credit v. Kitching, D.C.Mun. App., 34 A.2d 866, involved the power of the trial court to vacate a default judg-ment after expiration of the term of court in which it was entered. In Campbell v. Campbell, D.C.Mun.App., 58 A.2d 825, the proceeding to set aside the judgment was considered an independent action. In Lombard v. Welch, D.C.Mun.App., 104 A.2d 416, as in Blacker v. Rod, it was contended that because of lapse of time the court had no power to entertain the motion to vacate. However, Firemen's Insurance Co. of Newark v. Boswell, D.C.Mun.App., 108 A.2d 91, cannot be reconciled. No question of the power of the court to act was there involved. The only question there was whether the trial court abused its discretion in setting aside a dismissal, and we are now convinced that it was error to entertain the appeal on its merits.[1]

It follows from what we have said that in order to determine this court's jurisdiction to entertain the present appeal, we must consider the question of the trial court's jurisdiction to enter the vacating order. Phillips v. Negley, supra. The facts of this case are these: On January 29, 1954, appellee filed suit against appellant for $2,327.86, being the balance alleged due for certain steel rollers and rubber covered rollers sold and delivered by appellee to appellant. On March 3 appellant filed an answer admitting the sale and delivery, the sale price and the payments made on account thereof, but denying any indebtedness because of the alleged failure of the rollers to meet the agreed specifications. The answer further alleged that it had cost appellant $3,096 in order to have the rollers remachined to meet the specifications. The answer contained a counterclaim for $768.14, being the difference between the balance due and the alleged cost of the remachining.

Rule 7 of the trial court requires a reply if the answer contains a counterclaim denominated as such, and Rule 12 requires that the reply be served within five days after service of the answer. In the present case appellee filed no reply to the counterclaim, and on March 25 judgment by de-

---

1. It may be noted that our error did not prejudice the rights of the parties as we did not disturb the trial court's ruling.

fault, subject to ex parte proof, was entered against appellee. Ex parte proof was taken on April 20 and judgment entered against appellee on appellant's counterclaim for $768.14. No notice of the application for default or of the taking of ex parte proof or of entry of judgment was given to appellee. Assuming that the case was still at issue, appellee filed certain interrogatories on September 14 and shortly thereafter learned that instead of having a pending claim for $2,327.86, there was a judgment against it for $768.14. On September 21 it filed a motion to vacate the judgment of April 20. The motion was granted and this appeal followed.

Appellant contends that the only grounds on which appellee could have obtained relief were mistake, inadvertence, surprise or excusable neglect, that Rule 60(b) of the trial court requires that a motion seeking relief on those grounds must be made not more than three months after entry of judgment, that appellee's motion was not filed until five months after entry of judgment, and that therefore the trial court was without power to vacate the judgment.

It may be observed that, although the trial court's rules are based upon and in many respects conform to the Federal Rules of Civil Procedure, 28 U.S.C.A., the situation here presented could not arise under the federal rules, because Federal Rule of Civil Procedure 55(b) (2), relating to default, provides: "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." The trial court's Rule 55(b) originally contained the same provision, but it was later stricken by amendment. Thus, under the trial court's present rule notice of application for default is not required to be given to the party against whom it is sought, even though he has appeared in the action.

In granting the motion to vacate, the trial court expressed the opinion that the withdrawal from Rule 55(b) of the requirement of notice to a party who has appeared, was not intended to be a reversal of the liberal policy of the rules toward granting relief from default, and that such withdrawal could be accomplished with safety only if Rule 60(b) were construed to afford the same protection in similar situations. Apparently the trial court felt that the case presented one for relief under ground "(6) any other reason justifying relief from the operation of the judgment", which is not controlled by the three months' limitation.

■ We think there was an additional ground, other than mere neglect, which the court had the right to consider. Rule 77 (d) of the trial court provides that upon entry of an order or judgment "signed or decided out of the presence of parties or their counsel," the clerk shall serve a notice of entry "upon every party affected thereby who is not in default for failure to appear." The judgment in this case was decided out of the presence of appellee or its counsel; appellee was affected thereby and was not in default for failure to appear; but no notice of entry of the judgment was served upon appellee or its counsel by the clerk. In view of the failure of the clerk to give appellee notice, the trial court was justified in considering the motion as coming within the purview of ground (6) of Rule 60(b), and in the exercise of sound judicial discretion granting relief thereunder. Cf. Hill v. Hawes, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283.

Having reached the conclusion that the trial court acted within its jurisdiction, we must hold that its order vacating the judgment was not appealable. We do not reach the question whether the order was an abuse of discretion. Board of Supervisors of Rockland County v. Knickerbocker Ice Co., 2 Cir., 80 F.2d 248.

Appeal dismissed.