**JEWELERS ACCEPTANCE CORP., a corporation, Assignee of Universal Associates, Inc., Appellant,**

v.

**James A. FLEET, Appellee.**

**No. 1704.**

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 31, 1955.

Decided Nov. 30, 1955.

Rehearing Denied Dec. 16, 1955.

Jack Politz, Washington, D. C., for appellant.

D. Carroll McGean, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

PER CURIAM.

This appeal is from an order vacating a judgment. The order was entered on defendant's showing that he had discovered a receipt establishing that he had returned the merchandise which was the subject matter of the sale. Plaintiff contends that the trial court abused its discretion in vacating the judgment.

This was not a motion for new trial,[1] but a motion seeking the vacating of a judgment by way of relief from hardship, under Municipal Court Rule 60(b). It was filed well within the three-month period prescribed by that rule.

We must rule that the ruling complained of is not appealable. In Harco, Inc., v. Greenville Steel and Foundry Co., D.C.

---

1. Note that Municipal Court Rule 60(b)(2) authorizes relief for "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)."

Mun.App., 112 A.2d 920, we carefully reviewed the law on the subject and ruled that when the trial court, acting in the exercise of an acknowledged jurisdiction, and within the time it has power to do so, vacates a judgment, such action is not appealable. That ruling is directly applicable here. The motion was filed within the time fixed by rule, and the vacating of the judgment left nothing to be reviewed by this court.

Appeal dismissed.