Alan Johnstone, Washington, D. C., for appellant.

Vincent L. Gingerich, Takoma Park, Md., for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) *sitting by designation under Code, § 11–776(b).*

---

Robert A. MOYER, Appellant,

v.

Mary G. MOYER, Appellee.

No. 2036.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 17, 1957.

Decided Sept. 27, 1957.

ROVER, Chief Judge.

Appellee sued for money allegedly due on a judgment rendered in her favor against appellant in the Circuit Court for Montgomery County, Maryland, and issued a writ of attachment before judgment on appellant's employer in this District. Counsel for appellant entered a special appearance and filed an answer attacking

the jurisdiction of the Maryland court to render the judgment, and thereafter filed a motion for summary judgment or, in the alternative, for dismissal of the complaint, supported by an affidavit of his client and copies of certain correspondence between appellant and the attorneys who had represented him in the early stages of the Maryland litigation. After argument of counsel, the court entered an order reading: "Defendant's [Appellant's] Motion for Summary Judgment denied." No further proceedings were had in the trial court, except the filing of appellant's notice of appeal to this court from the order denying the summary judgment.

■■ Both parties urge that we decide this controversy on its merits; however, we do not reach the merits because we rule that the order appealed from is not a final order or judgment and is therefore not appealable. The basic statute creating this court provides, *inter alia:*

"Any party aggrieved by any *final order or judgment* of The Municipal Court for the District of Columbia, * * * may appeal therefrom as of right to The Municipal Court of Appeals * * *." (Emphasis supplied.) Code 1951, § 11-772(a).

Accordingly, this court has no jurisdiction to entertain an appeal from an order or judgment that is not final, and consent of the parties cannot enlarge our jurisdiction.[1]

In defining a final judgment the Supreme Court said:

"The rule is well settled and of long standing that a judgment or decree to be final, * * * must terminate the litigation between the parties on the merits of the case, so that if there

should be an affirmance here, the court below would have nothing to do but to execute the judgment or decree it had already rendered. * * *"[2]

It is obvious that the order in this case does not dispose of the controversy on the merits nor create a judgment or order of such character that should there be an affirmance, the trial court would have nothing left to do except to order execution.

Accordingly, it has been uniformly held that the type of order entered by the trial court is merely an interlocutory order and not a final judgment.[3]

In view of the foregoing, we must dismiss the appeal.

Appeal dismissed.

---

1. Whitman v. Noel, D.C.Mun.App., 53 A. 2d 280.

2. Bostwick v. Brinkerhoff, 106 U.S. 3, 1 S.Ct. 15, 16, 27 L.Ed. 73. See also Jacobsen v. Jacobsen, 75 U.S.App.D.C. 223, 126 F.2d 13; Serkowich v. Wardell, 69 App.D.C. 389, 102 F.2d 253.

3. Division 689, etc. v. Capital Transit Co., 97 U.S.App.D.C. 4, 227 F.2d 19; Jones v. St. Paul Fire & Marine Ins. Co., 5 Cir., 108 F.2d 123; Whitman v. Noel, note 1, supra.