Thomas E. EFANTIS, Appellant,

v.

DECKER DISTRIBUTING CO., a corporation, et al., Appellees.

No. 2074.

Municipal Court of Appeals for the
District of Columbia.

Submitted Oct. 21, 1957.

Decided Nov. 5, 1957.

John P. Mullen, Washington, D. C., for appellant.

Milford F. Schwartz, and Nelson Deckelbaum, Washington, D. C., for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellees, as judgment creditors of one Thomas J. Flynn, filed suit against him and the appellant, predicated on the theory that merchandise sold to Flynn had been delivered to him for use in his restaurant; that he had sold the restaurant to the appellant; that under the "Bulk Sales Law," Code 1951, § 28–1701 et seq., before the sale could be legally consummated, it was the duty of appellant to give appellees as merchandise creditors of Flynn proper notice of the proposed sale; that no such notice was given; and that accordingly the sale was "conclusively presumed fraudulent and void." In their complaint appellees requested several kinds of relief: to have the sale of the restaurant by Flynn to the appellant set aside and declared void, injunctive relief against both Flynn and the appellant, and money judgments against appellant alone.

Neither Flynn nor appellant answered the complaint within the time required by the rule, and a default was entered by the clerk with the notation, "To be set for ex parte proof v. both Defendants." [1] Before the assignment commissioner had set the date for the taking of ex parte proof, appellant's attorney filed a motion to set aside

1. Rule 39, Section A(b), Municipal Court Civil Rules, provides: "In all other cases in which the defendant is in default, a memorandum showing such default shall be entered by the clerk, and the plaintiff or his attorney shall deliver the case to the assignment commissioner to be placed by him on the motions calendar for the taking of *ex parte* proof."

the entry of default, which was denied. This appeal is taken from the order denying the motion.[2]

Counsel for appellees contend that the order appealed from is not a "final order or judgment" and is therefore not appealable. We agree. No final order or judgment could have been entered until after the taking of ex parte proof pursuant to Rule 39, Section A(b). Before this could be accomplished, counsel for appellant filed his motion to set aside the "default"; failing to accomplish this, he took this appeal.

We hold that the order appealed from is not a final order or judgment.[3]

Appeal dismissed.

2. The entry of the clerk recites: "Motion to Vacate and Set Aside Default *Judgment* denied." (Emphasis supplied.) This is an obvious error, because no *judgment* was ever entered.

3. Moyer v. Moyer, D.C.Mun.App., 134 A.2d 649, and cases cited.