Charles M. LITTLE, Appellant,

v.

Lenza JOHNSON, Appellee.

No. 2227.

Municipal Court of Appeals for the District of Columbia.

Submitted July 21, 1958.

Decided Nov. 6, 1958.

James M. Leak, Washington, D. C., for appellant.

No appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

■ Appellant's car was involved in a collision with an automobile owned by appellee and driven by one Simon Noble. He brought suit in the Small Claims and Conciliation Branch of the Municipal Court against both appellee and Noble, seeking damages in the sum of $45. On December 19, 1957, Noble appeared, successfully defended the action against him, and obtained a finding in his favor because of the contributory negligence of appellant. Appellee made no appearance. At the conclusion of the case, after the finding for Noble, the court ordered a judgment by default as to appellee, which was entered on the case jacket. We shall treat this jacket entry as simply an interlocutory entry of default rather than a fully matured judgment, for although the notation actually read, "Judgment by default vs. [appellee]," it is clear that the original claim was for an unliquidated amount which was subject to ex parte proof before it could become final.[1] No such proof was ever offered.

Some four and one-half months later, on May 3, 1958, the following entry was made on the docket by the court sua sponte:

"Entry of December 19, 1957, as to judgment by default vs. Defendant Lenza Johnson is vacated because of clerical error, it appearing of record that a trial finding and judgment were entered on the same date in favor of the defendant Noble who was the driver of this codefendant's automobile at the time of this accident."

We allowed an appeal from this order.

■ Appellant's position is that the trial court was without jurisdiction to vacate the default entered on December 19, 1957. We agree that the basis upon which the trial judge attempted to proceed was unsound. Rule 60(a) of the Municipal Court Civil Rules does provide that clerical mistakes in the record arising from oversight or omission may be corrected by the court at any time of its own initiative, but it is clear that the original entry of default was not a "clerical mistake." The entry was not the result of any defect in transcription but was an accurate reflection of the court's decision at that time. If there was error in making the entry, it was a judicial error of law and not a clerical error.[2] Consequently, the court had no authority to vacate the entry on this ground.

Can the court's action be justified on any other basis? Appellant contends that if the court has any power in this instance to vacate the entry of default, it must come from Municipal Court Civil Rule 60(b), which provides for relief from *final* judgments and orders in certain circumstances. He urges that the three-month time limitation contained in the rule is applicable here, and since the court did not act until four and one-half months after the entry, its order vacating the default was invalid.

---

1. See Municipal Court Civil Rule 39, § (A)(a) and (b).

2. We may note at this point that it was in fact an error of law for the court to order the entry of a default against appellee, as the court subsequently realized and attempted to correct. As set out in the annotation, 78 A.L.R. 938, the general rule is that if one of several defendants successfully employs a defense which is not personal to him but common to all the defendants, such a defense inures to the benefit of a defaulting defendant. Here, the successful defense of contributory negligence used by Mr. Noble was such as to defeat appellant's entire cause of action, and consequently appellee, though in default, was entitled to its benefit as well as Mr. Noble.

██ As we have indicated, the entry of December 19, 1957, was only an entry of default, not a final judgment, and therefore it was simply an interlocutory order. The general rule is that a court has plenary power at any time prior to final judgment to make any equitable revision of an interlocutory order.[3] On the other hand, the power of a court to grant relief from final judgments or orders is generally limited as to time and cause. This distinction is recognized and observed by the various Federal Rules of Civil Procedure which provide for relief from actions of the district courts. Specifically, in the case of default, Federal Rule 55(c), 28 U.S.C.A., reads as follows:

> "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

Thus the power of a federal district court to vacate a judgment by default is restricted to the enumerated circumstances and time limitations established by Rule 60(b), but its power to set aside an entry of default is limited only by the requirement that it be exercised within a reasonable time, which could conceivably be longer than the time allowed under Rule 60(b).

██ However, the comparable rules of the Municipal Court are not identical. Municipal Court Civil Rule 55(c) states:

> "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside, both in accordance with Rule 60." [4]

As we read this rule, the effect of it is to make even an interlocutory entry of default in the Municipal Court subject to the restrictions of Rule 60(b), a patent inconsistency between the two interrelated rules, since Rule 60(b), by its own terms, is applicable only to *final* judgments and orders. Despite this conflict it is apparent that the framers of Rule 55(c) intended this result and consequently we will enforce it.

██ Turning to the present case, it is clear that the court's power to grant relief from its interlocutory entry of default of December 19, 1957, was not plenary, as a federal district court's power would be in the same situation, but was subject to the restrictions of Rule 60(b). If there is any subsection of Rule 60(b) which will authorize relief in the case of a judicial error of law, it is the first subsection under the heading, "Mistake." [5] Assuming without deciding that the court can act under this subsection on its own initiative,[6] it is apparent that the court's order vacating the entry of default in this instance was invalid because relief must be sought under this subsection within three months, and the court here did not act until four and one-half months after the entry. Consequently the entry of default of December 19, 1957, must stand.

██ We cannot agree with the view taken in the dissenting opinion that the fact that the trial court almost immediately after its initial decision took the case under consideration without notice to any of the parties was sufficient to confer jurisdiction on the court. Presumably, the reason why the rule makers wished to make

3. John Simmons Co. v. Grier Bros. Co., 1922, 258 U.S. 82, 88–89, 42 S.Ct. 196, 66 L.Ed. 475; see the discussion in 7 Moore's Federal Practice, § 60.16[4] (2nd ed. 1955).

4. For some reason this rule also appears in its entirety as Rule 39, Section A(f) of the Municipal Court Civil Rules.

5. See the discussion in 7 Moore's Federal Practice, § 60.22[3] (2nd ed. 1955), with particular reference to the allowable time.

6. It will be noted that the rule states only that the court may grant a party relief "on motion * * *." Nowhere in the rule is the court specifically given the power to act sua sponte.

interlocutory entries of default subject to the restrictions of Rule 60(b) was because it was felt, as a matter of policy, to be desirable to clothe this type of interlocutory order with the finality which surrounds a judgment. The effect of the dissenter's position would be to thwart this policy and give the court more power, when acting on its own initiative, than it would have if it were acting only on a motion made by a party. Had the court informed the parties of its proposed reconsideration when it first took the case under advisement, such an act, like a formal motion, would have been sufficient to arrest the running of time, but absent such notice, we think that appellant had the right to regard the entry of default in his favor as final.

Reversed.

HOOD, Associate Judge (dissenting).

I agree that the entry of judgment by default with no statement of the amount of the judgment was not a final judgment and was nothing more than an interlocutory entry of default; and I agree that the entry resulted from judicial error and not from clerical error. I also agree that the rules of the Municipal Court apparently intend that relief from an entry of default be granted only under the restrictions of Rule 60(b), relating to relief from final judgments; and I think the result is unfortunate in that it apparently ignores the long-established distinction between the

control of a court over interlocutory orders and its power to relieve from final judgments.

However, I believe that in the present case the court had jurisdiction to set aside the entry of default.[1] It appears from the statement of proceedings and evidence that on the very day the court ordered the entry, a doubt arose in the mind of the court as to its correctness and the court sua sponte took the matter under consideration. The court should have notified appellant that this was being done, especially in view of the length of time the matter was under consideration, but the fact remains that it was under consideration. If Rule 60(b) has any application here, it should be remembered that the time limitations of that rule apply only to the filing of a motion and not to the action by the court on such motion.

When the trial court ordered entry of default and almost immediately thereafter questioned the correctness of its action, the rules of the court, confusing as they may be, did not prevent taking the matter under consideration or require that a decision be reached within a particular time. And since the matter was already under consideration, the court did not need a motion to the same effect within the three-month period in order to have the power to act. When the court concluded that it had erroneously ordered the entry, it had jurisdiction to correct its error, even though it mislabeled the error as "clerical."

[1.] If the court had jurisdiction, then the order vacating the default was not appealable. Harco, Inc. v. Greenville Steel & Foundry Co., D.C.Mun.App., 112 A.2d 920.