Margaret Jackson **HUNT**, Appellant,

v.

Alfread **HUNT**, Appellee.

No. 2363.

Municipal Court of Appeals for the
District of Columbia.

Argued April 13, 1959.

Decided June 23, 1959.

William A. Smith, Washington, D. C.,
for appellant.

King David, Washington, D. C., for appellee. Julius W. Robertson and James H.
Myrick, Washington, D. C., also entered
an appearance for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

The appellant husband sued for an absolute divorce on the ground of adultery. In
his complaint he questioned whether he was
the father of the child that his wife claims
was born as the result of the marriage.
The wife answered denying the charge of
adultery, averred his paternity of the child
and counterclaimed for custody of the
daughter and maintenance for herself and
the child.

After the case was at issue, counsel for
the husband filed a motion to compel the
wife and the putative daughter to submit
to blood tests for the purpose of determining paternity of the child. Counsel for
the wife moved to strike the motion on the
ground that there existed no statute or
rule of court requiring his client to submit
to such test and that counsel for the husband had failed to file Points and Authorities in support of the motion as required
by Rule 6(d) and (e) of the Domestic
Relations Branch.

After a hearing on the motion, the court
signed an order directing the mother and
the daughter to submit to a blood test at
the office of a named local physician within
fifteen days. The wife appeals from this
order.

We do not reach the merits of this case
because the order appealed from is not an
appealable order.

As we said in Whitman v. Noel, D.C.
Mun.App., 53 A.2d 280, 281:

"With exceptions not here material,
the statute creating this court limits
the right of appeal to a party 'aggrieved by any final order or judgment.'
[Citation omitted.] A final order has
been defined as one that ' "disposes of
the whole case on its merits" so that
the court has "nothing to do but to
execute the judgment or decree * *

already rendered." ' Jacobsen v. Jacobsen, 75 U.S.App.D.C. 223, 225, 126 F.2d 13. [Citations omitted.] Tested by that definition the order here in question was not final. It did not dispose of the whole case on its merits. Moreover, no judgment was rendered."

It is obvious that the order in this case does not dispose of the controversy on the merits and that the type of order entered by the trial court is merely an interlocutory order and not a final judgment.[1]

Appeal dismissed.

---

1. Moyer v. Moyer, D.C.Mun.App., 134 A. 2d 649.