**Sallie B. WHEELEY and William Wheeley, Appellants.**

**v.**

**Kenneth B. SMITH, Appellee.**

**No. 2500.**

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 4, 1960.

Decided April 14, 1960.

Rehearing Denied April 27, 1960.

Dayton M. Harrington, Washington, D. C., for appellants.

Leon Shampain, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

■ Appellee filed a third-party complaint against appellants. Appellants answered and counterclaimed against appellee for an unliquidated amount but claiming $1,650. Appellee failed to answer the counterclaim and a default judgment was entered against him in January 1958. While the entry of judgment sets forth the amount sued for, no *ex parte* proof was taken. Thus the entry must be treated as an interlocutory entry of default rather than a fully matured judgment, subject to *ex parte* proof before it could become final. In June 1959 appellee filed a motion to vacate the default, supported by an affidavit. The motion was granted, and from this appeal is taken.

■■ Several errors are alleged but the question, in the final analysis, is whether the court abused its discretion in vacating the entry of default. It is well settled that relief from a final judgment under Rule 60(b) lies within the sound discretion of the trial court,[1] and abuse of that discretion must be shown before its ruling will be reversed on appeal. While ordinarily an order vacating a default judgment is not final and therefore not appealable, it is appealable if the court vacates a judgment after the time within which it has the power to do so.[2]

The following facts were alleged in appellee's verified affidavit:

"He was never served with a copy of the pleading designated by the Third-Party defendants [appellants] herein as an Answer and Counterclaim * * *.

"His name, home address, and telephone number has appeared in the local telephone directory during the entire pendency of these proceedings.

"The address at which he was served with the original Complaint and summons herein, to-wit: 719 9th Street, N. W., Washington, D. C., was a restaurant in which [he] at that time had a small business interest.

"Third-party defendant William Wheeley [appellant] at all times knew [his] business address, to-wit: 908 10th Street, N.W., Washington, D. C., which address continues to be [his] business address; said third-party spoke with [him] on numerous occasions before and after the taking of its default judgment and never mentioned the filing of the pleading called Answer and Counterclaim."

Appellants filed an unverified response to the motion in which they neither admitted nor denied a number of controlling facts asserted in appellee's motion. The court ruled:

" * * * that no ex parte proof was taken on the counterclaim as required by Rule 39A(b), that the military affidavit filed on November 6, 1957 was insufficient and that no affidavit was filed after entry of judgment on January 10, 1958 as required by Rule 39A (a); * that no notice of the entry of judgment was mailed to defendant [appellee] as required·by Rule 77(d), and that for all or any of the above reasons the judgment in favor of third party defendants [appellants] on their counterclaim was improperly entered, it is this 4th day of August, 1959,

"Ordered, that third party plaintiff's [appellee's] motion to vacate default judgment in favor of third party defendants [appellants] be and the same is hereby granted.

* "The judgment entry itself appears to be irregular in that the monetary amount was added subsequent to the original entry."

1. Mid Atlantic Appliances v. Potter, D.C. Mun.App.1954, 106 A.2d 139.

2. Hantman v. Zeiger, D.C.Mun.App.,1957, 135 A.2d 650.

 Municipal Court Civil Rule 55(c), amended February 9, 1959, reads as follows:

"For good cause shown, the Court may set aside the entry of default at any time prior to entry of judgment thereon, and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."[3]

Thus, under the present rule, the Municipal Court's power to vacate a *judgment* by default is restricted to the enumerated circumstances and time limitations established by Rule 60(b), but its power to set aside an *entry* of default is limited only by the requirement that it be exercised within a reasonable time, which conceivably could be longer than the time allowed under Rule 60(b)[4] What constitutes "for good cause shown" under Rule 55(c) is to be decided in the light of the circumstances of each case. Here, appellee was sued for $450, filed a third-party complaint against appellants, and subsequently learned that instead of having a pending claim, there was a judgment against him. From all the circumstances shown by the record we cannot say that the delay on appellee's part in filing the motion after learning of the default judgment was unreasonable, or that the court abused its discretion.[5]

Order vacating entry of default affirmed.

3. The rule prior to amendment had the effect of making an interlocutory entry of default subject to the restrictions of Rule 60(b). However, it should be noted that Rule 39A(f) is patently inconsistent with the present Rule 55(c). Thus, Rule 55(c) being the later rule, governs.

4. Compare Little v. Johnson, D.C.Mun. App.1958, 145 A.2d 852.

5. We feel that appellee should be permitted to now file an answer to the counterclaim.