### In re ESTATE OF Ollie M. BRYANT.

### Gary M. Greenbaum, Successor Conservator, Appellant.

### No. 97–PR–1986.

District of Columbia Court of Appeals.

Submitted Sept. 28, 1999.
Decided Oct. 14, 1999.

Gary M. Greenbaum, pro se.

Before TERRY, STEADMAN and FARRELL, Associate Judges.

PER CURIAM:

■ Appellant, the successor conservator of Ollie M. Bryant, an incapacitated adult, appeals from an order of the trial court rescinding a prior order of compensation to appellant and requiring him to return the compensation previously paid him. The reason for the rescission order was the trial judge's conclusion that she had lacked statutory authority to direct the compensation to be paid from the Guardianship Fund established by D.C.Code § 21–2060(b) (1997).[1]

The merits of the trial judge's conclusion as to the propriety of the payment are not before us; appellant makes no claim that the judge misinterpreted the statute in concluding that her order directing compensation from the Fund was *ultra vires*.[2] His sole contention, rather, is that the trial judge lacked authority to rescind the compensation order previously issued because neither Super. Ct. Civ. R. 59 nor Super. Ct. Civ. R. 60(b) provided a basis for her action. The rescission order, he points out, was not entered within ten days of issuance of the compensation order, as required by Rule 59, and was entered by the judge *sua sponte*, when Rule 60(b) authorizes relief from a judgment or order only "[o]n motion" of a party.[3]

■ Despite the Rule 60(b) language on which appellant relies, there is case authority for the principle that the trial court "has power [under Rule 60] to act in the interest of justice in an unusual case in which its attention has been directed to the necessity for relief by means other than a motion." 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2865, at 380 (1995 ed.) (citing cases). This court has twice assumed the existence of that power, without expressly deciding the issue. *See Leiken v. Wilson*, 445 A.2d 993,

---

1. D.C.Code § 21–2060(a) provides for payment of compensation to conservators and guardians, and "if the estate of the ward or person will be depleted by payouts made under this subsection, from a fund established by the District" known as the "Guardianship Fund," to be administered by the court.

2. The trial judge agreed with the opinion of the Register of Wills that the prior opinion overlooked the fact that the present conservatorship was a so-called "old law" case, to which the guardianship statute creating the Fund did not apply. We express no opinion on the correctness of that determination.

3. Appellant's argument rests upon the proposition that the prior order granting compensation from the Guardianship Fund was a "final order" under Super. Ct. Prob. R. 8(d)(4). While it is not entirely clear that that provision is applicable, we assume the finality of the order for purposes of this appeal.

997 (D.C.1982); *Little v. Johnson,* 145 A.2d 852, 855 & n. 6 (D.C.1958). At the same time, we have expressed opposition to any construction of Rule 60 that would cut us loose " 'from [the] fixed moorings and time limitations' " of that rule. *Clement v. District of Columbia Dep't of Human Servs.,* 629 A.2d 1215, 1220 (D.C. 1993) (citation omitted). But this case does not present that danger. The trial judge's rescission took place well within one year of the payment, and appellant does not dispute that the payment order rested upon a "mistake," *see* Rule 60(b)(1).[4] His only argument is that the mistake was brought to the judge's attention by someone other than a party (*i.e.,* the Register of Wills)—in a case where, we observe, no *party* had a significant interest in questioning the legality of payment from the Guardianship Fund.

We therefore hold this to be that "unusual case," WRIGHT, MILLER, AND KANE,

*supra,* in which the trial court's authority under Rule 60(b) to act in the interest of justice did not depend upon a motion of a party. The court's *sua sponte* decision did not unfairly deny appellant notice of the rescission,[5] since he does not question its correctness on the merits. Were we to reverse the court's action on the ground appellant asserts, we would leave the Guardianship Fund, established as an ameliorative device ultimately to further the purposes of guardianship, vulnerable to depletion by mistaken withdrawals that are not detected almost immediately.

*Affirmed.*

---

**4.** We therefore assume without deciding that a motion would properly lie within that provision of the rule.

**5.** *See, e.g., International Controls Corp. v. Vesco,* 556 F.2d 665, 668 n. 2 (2d Cir.1977)

("[T]he district court ... had power to decide sua sponte whether its judgment should be vacated, provided all parties had notice.").